UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JARON BRICE,<br><br>Defendant. | Crim. Action No. 05-0367<br>DAR |

**MEMORANDUM OF FINDINGS OF FACT
AND STATEMENT OF REASONS IN
SUPPORT OF ORDER OF DETENTION**

**I. INTRODUCTION**

Defendant is charged by indictment with two counts of sex trafficking of children in violation of 18 U.S.C. § 1591; two counts of sex trafficking by force, fraud, and coercion in violation of 18 U.S.C. § 1591; three counts of transportation of a minor for prostitution in violation of 18 U.S.C. § 2423(a); two counts of transportation of a person for prostitution in violation of 18 U.S.C. § 2421; one count of unlawful possession of a firearm and ammunition by a person convicted of a misdemeanor crime of domestic violence in violation of 18 U.S.C. § 922(g)(9); four counts of first degree child sexual abuse in violation of 22 D.C. Code § 3008; and three counts of pandering in violation of 22 D.C. Code § 2705 . A detention hearing was conducted by the undersigned United States Magistrate Judge on October 12, 2005.

Upon consideration of the proffers and arguments of counsel and the entire record herein, the Defendant was ordered held without bond pursuant to 18 U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Order of Detention follows.

**II. THE BAIL REFORM ACT**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no

United States v. Brice                                                                                                                    2

condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Simpkins, 826 F.2d 94, 98 (D.C. Cir. 1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir. 1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released. United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir.), cert. denied, 479 U.S. 841 (1986). The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." United States v. Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. 18 U.S.C. § 3142(g).

### III. DISCUSSION

Both the government and the Defendant proceeded by proffer. Counsel for the government proffered that defendant used women under the age of eighteen in a sex trafficking scheme in the District of Columbia and neighboring states. Counsel proffered that Defendant

United States v. Brice                                                                                                                           3

forced multiple women between the ages of fourteen and fifteen to prostitute themselves. He further proffered that Defendant had sex with these young women as well. Counsel proffered that each of the allegations is corroborated by the young women Defendant prostituted, and that those women have not been in contact with each other since Defendant's arrest. Moreover, counsel for the government proffered that Defendant has no other source of income besides the alleged prostitution ring. Additionally, Defendant has spent the past four years living throughout the eastern seaboard in hotels and has no permanent residence. Lastly, counsel proffered that Defendant has two prior convictions--one for domestic assault and another for unlawful use of a vehicle.

      Defendant's counsel proceeded by proffer as well. Defendant's counsel proffered that Defendant's mother was a thirty-year federal employee, a resident of Prince Georges County, Maryland and that if the court were to release Defendant to her custody she would ensure that he would remain at the residence and only depart for work . Defendant's counsel further proffered that defendant has a minimal criminal history and that Defendant successfully completed probation stemming from his previous convictions.

## IV.  <u>FINDINGS OF FACT</u>

      Upon consideration of the factors enumerated at Section 3142(g) of the Act, the evidence adduced at the hearing and the proffers and arguments of counsel, the undersigned finds by a preponderance of the evidence that no condition or combination of conditions would reasonably assure Defendant's appearance in court, and by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the community. First, the nature and circumstances of the offense charged indicate that the Defendant committed crimes of sexual abuse against minors which spanned more than two jurisdictions.

      Second, for the reasons proffered by counsel for the government, the undersigned finds

United States v. Brice                                                                                                           4

that the weight of the evidence against the Defendant is compelling.

Finally, the undersigned finds that the community would be greatly endangered by Defendant's release. The unrebutted evidence regarding Defendant's sexual abuse of minors demonstrates that he is not amenable to community supervision.

## V.  **CONCLUSION**

On the basis of the foregoing findings of fact and reasons, Defendant will be held without bond pursuant to the October 12, 2005 Order of Detention.

           /s/
DEBORAH A. ROBINSON
United States Magistrate Judge

DATE