UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 05-0367 (RMC) |
| | : | |
| v. | : | |
| | : | |
| JARON BRICE | : | Status Date: |

**GOVERNMENT'S MOTION *IN LIMINE* TO ADMIT OTHER ACT EVIDENCE**

The United States of America, through its undersigned attorneys to admit evidence that the defendant, Jaron Brice, engaged in sexual acts with K.H. outside the District of Columbia, sexual acts with Shakita Proctor both in and outside the District of Columbia, and gave alcohol and drugs to K.H. and Shakita Proctor. The evidence is admissible because (a) it is intrinsic to the prostitution-related counts and thus, is admissible as direct evidence of those counts and (b) under Rule 404(b), Fed.R.Evid., to prove the defendant's modus operandi, knowledge, motive, and intent. In addition, the evidence that the defendant engaged in sex acts with K.H. outside the District of Columbia is also admissible Rule 413, Fed.R.Evid..

## INTRODUCTION

**A.     The Instant Offenses**

The defendant is charged in a 17-count indictment with sex trafficking of two juveniles, sex trafficking of an adult and one juvenile by force, fraud, and coercion, transportation of two juveniles and one adult for prostitution, first degree child sexual abuse of two juveniles, pandering, and possession of a firearm after conviction for a misdemeanor domestic assault. As is discussed in more detail below, the government anticipates that the evidence at trial will show that the defendant used three females (hereinafter referred to as "prostitute/victims") (two juveniles (K.H. and A.I.) and one adult (Shakita Proctor)) to engage in prostitution for him in the

District of Columbia and elsewhere. The evidence will further show that the defendant engaged in a deliberate scheme to recruit, seduce, control, and discipline these prostitute/victims so that they would engage in prostitution for him. He employed numerous methods to carry out his scheme including engaging in sexual acts with them and giving them alcohol and drugs.

**B.     The Other Act Evidence**[1]

The government seeks admission of the following "other crimes" evidence.

(1)     During the period on or about October 2004 and continuing until on or about May 17, 2005, the defendant engaged in sexual acts (sexual intercourse, cunnilingus, and fellatio) with Shakita Proctor, an adult, in the District of Columbia, Maryland, Florida, and other locations.

(2)     During the period on or about October 2004 through on or about May 17, 2005, the defendant gave marijuana and alcohol to Shakita Proctor.

(3)     During the period on or about March 31, 2004, through October 31, 2004, the defendant gave marijuana, ecstasy, and alcohol to K.H.

(4)     During the period on or about March 31, 2004, through October 31, 2004, the defendant engaged in sexual acts (sexual intercourse, cunnilingus, fellatio, and anal sex) with

---

[1]     The government will introduce evidence at trial that the defendant engaged in armed and unarmed physical assaults to all three victims. This evidence is clearly admissible as direct evidence to prove the "force, fraud, and coercion" element in the two sex trafficking counts (Counts Two (K.H.) and Four (Shakita Proctor)). Similarly, the government will introduce evidence that the defendant engaged in sexual acts (vaginal intercourse, fellatio, and cunnilingus) with K.H. in the District of Columbia. This evidence is clearly admissible as direct evidence to prove the three first degree child sexual abuse counts (Counts Eleven - Thirteen) involving K.H. Because both of these categories of evidence are unquestionably admissible as direct evidence of particular elements of charged offenses, the government does not believe it necessary to file a motion *in limine* seeking their admission at trial. In addition, for the same reasons outlined in this memorandum, the evidence of armed and unarmed physical threats and sexual acts with K.H. in the District of Columbia is also admissible as direct evidence of the prostitute counts because the evidence is intrinsic to those counts and under Rule 404(b), Fed.R.Evid. to prove the defendant's modus operandi, knowledge, intent, and motive.

K.H. in locations outside the District of Columbia including Maryland and New York.

## DISCUSSION

The government asserts that the evidence that the defendant engaged in sexual acts with K.H. outside the District of Columbia, sexual acts with Shakita Proctor both in and outside the District of Columbia, and gave alcohol and drugs to K.H. and Shakita Proctor is intrinsic to all of the counts that involve the defendant using the three prostitute/victims for prostitution (Counts One and Three (Sex Trafficking of Children), Two and Four (Sex Trafficking by Force, Fraud, and Coercion), Five, Six, and Seven (Transportation of Minors for Prostitution), Counts Eight and Nine (Transportation of Persons for Prostitution ("the Mann Act")), and Counts Fifteen through Seventeen (Pandering)) and, thus, is admissible as direct evidence of those counts. In the alternative, the government asserts that this evidence is admissible under Rule 404(b), Fed.R.Evid., to prove the defendant's modus operandi, knowledge, motive, and intent. Finally, the evidence that the defendant engaged in sex acts with K.H. outside the District of Columbia is also admissible under Rule 413, Fed.R.Evid.

**A.     The Evidence of Sexual Abuse and Drug and Alcohol Distribution
        To K.H. and Shakita Proctor Is Admissible As Direct Evidence
        To Prove The Prostitution-Related Counts**

The Defendant is charged with twelve counts involving his use of two juveniles (K.H. and A.I.) and one adult (Shakita Proctor) for prostitution. Each of these counts requires the government to prove that the defendant committed an act or acts (i.e., transportation, recruitment, enticing, harboring, obtaining, causing, inducing, procuring, etc.) to an individual (here, K.H., A.I., and/or Shakita Proctor) with the knowledge and/or intent that the individual would engage

in commercial sexual activity, i.e., prostitution.[2]

---

[2]   Counts One through Four charge the defendant with sex trafficking (either of a child or by force, fraud or coercion), in violation of 18 U.S.C. § 1591. The elements of the offense of sex trafficking are:

*First*:   *That the defendant knowingly recruited, enticed, harbored, transported or obtained a person whom the Defendant knew would be caused to engage in a commercial sex act.*

*Second:*   *That the defendant also knew either or both of the following:*

   *(a)   that force, fraud, or coercion would be used to cause the person to engage in the commercial sex act ; and/or*

   *(b)   that the person was under 18 years of age.*

*Third:*   *That the offense was in or affecting interstate commerce.*

Counts Five through Seven charge the defendant with transportation of a minor for prostitution in violation of 18 U.S.C. § 2423(a). The elements of this offense are:

*First:*   *That the defendant knowingly transported a person in interstate commerce.*

*Second:*   *That the person was under 18 years of age when the transportation took place.*

*Third:*   *That the defendant intended that the person engage in sexual activity for which any person can be charged with a criminal offense.*

Counts Eight and Nine charge the defendant with transportation of a person for prostitution (the "Mann Act") in violation of 18 U.S.C. § 2421. The elements of this offense of a Mann Act violation are:

*First:*   *That the defendant knowingly transported an individual in interstate commerce.*

*Second:*   *And, that at the time of such transportation the defendant intended that the person so transported would engage in prostitution or in any sexual activity for which any person can be charged with a criminal offense.*

The government asserts that the evidence of the defendant's sexual acts with Shakita Proctor and K.H. and his distribution of drugs and alcohol to them is admissible as direct evidence of these prostitution-related counts because the evidence is "intrinsic" to these crimes charged.

1. <u>Governing Law</u>

Evidence of uncharged acts may be so closely related to the government's proof at trial that courts, including the D.C. Circuit, consider it to be intrinsic to the government's case. In such circumstances, the evidence is admissible as direct evidence of the charged crimes, and is not subject to analysis under Rule 404(b), Fed.R.Evid. For example, in <u>United States v. Badru</u>, 97 F.3d 1471, 1474 (D.C. Cir. 1996), <u>cert. denied</u>, 520 U.S. 1213 (1997), the D.C. Circuit held that:

> Evidence of criminal activity other than the charged offense is not considered extrinsic evidence if it is an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, if it was inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime of trial.

<u>Id</u>., quoting <u>United States v. Weeks</u>, 716 F2d 830, 832 (11th Cir. 1983) (citations omitted). <u>See also</u> <u>United States v. Alexander</u>, 331 F.3d 116, 126 (D.C. Cir. 2003) ("If evidence is offered as direct evidence of a fact in issue, not as circumstantial evidence requiring an inference regarding the character of the accused, it is properly considered intrinsic."), quoting <u>United States v. Bowie</u>, 232 F.3d 923, 929 (D.C. Cir. 2000) (citations omitted); <u>United States v. Washington</u>, 12 F.3d 1128, 1134-35 (D.C. Cir.), <u>cert. denied</u>, 513 U.S. 828 (1994).

---

<u>Counts Fifteen through Seventeen</u> charge the defendant with pandering the three prostitute/victims in violation of 22 D.C.C. § 2705. To prove this charge, the government must show that the defendant *placed, caused, induced, procured or compelled or attempted to place, cause, induce, procure or compel an individual to engage in prostitution.*
.

That legal doctrine applies to prostitution-related offenses such as the Mann Act[3] and the other statutes at issue in this Indictment. See, e.g., United States v. (Levorn) Evans, 285 F.3d 664, 670 (8th Cir. 2002) (evidence of defendant/pimp's distribution of drugs to his prostitutes admissible in a Mann Act case because it shows one way the defendant controlled his prostitutes); United States v. (Monroe) Evans, 272 F.3d 1069, 1083 (8th Cir. 2002) (defendant/pimp's sexual assault to prostitutes admissible as direct evidence of the Mann Act charge because it demonstrated actions taken to recruit, control, and discipline the prostitutes).

    2.    Argument

Under that legal doctrine, the evidence that the defendant engaged in sexual acts with K.H. and Shakita Proctor and dispensed alcohol and drugs to them constitutes intrinsic, admissible evidence for all of the prostitution counts (Counts One - Nine and Fifteen - Seventeen).

The government will show through the testimony of the three prostitute/victims that the defendant employed a deliberate and effective scheme to recruit vulnerable prostitute/victims for prostitution, to build a relationship with them that was based on their complete dependency on him, and to create and maintain control over them so that they would comply with his every demand, including engaging in the highly lucrative business of prostitution. The government's expert witness will also testify that having sex with the prostitute/victims and giving them alcohol and drugs – as well as many other ways in which defendant mistreated his prostitute/victims – are the typical methods by which pimps lure their victims into a dependency relationship with him and maintained control over them in order to manipulate them into

---

[3] The crimes of sex trafficking of a child and sex trafficking by force, fraud, and coercion are relatively new charges. Accordingly, most of the relevant case law is in the context of the Mann Act.

furthering his criminal activities. Indeed, the expert's description of the techniques typically employed by a pimp will bear a striking resemblance to the techniques actually used by the defendant.

More specifically, the government anticipates the evidence at trial will show the following. The defendant selected for prostitution individuals such as runaway youth, unemployed women, and juveniles because they were the most vulnerable and thus most easily manipulated. The defendant initially lured these prostitute/victims into dependency by showering them with compliments and attention – as well as drugs and alcohol. He told them that he loved them and would take care of them and had sex with them to prove his sincerity. Once they had succumbed to his guile, he began to place demands on them. He told them that they would have to make money through prostitution to maintain their lifestyle together. He established a strict set of rules of conduct: they had to relinquish their true identities and were given a "street name," which in some cases was tattooed on their bodies; they had to call the defendant "Daddy;" they were required to earn a certain amount of money each night from prostitution, all of which had to be turned over to him; a failure to meet the quota would meet with harsh punishment; they could not look other pimps in the eye, under pain of similar reprisal. By such acts of physical, psychological, and sexual manipulation the defendant maintained control over these women and effectively forced them to do his bidding. Once the dependency had been established, defendant continued to provide the victims with alcohol and drugs, and he continued to have sex with them (alone or in front of other girls) both to increase their dependency on him and to reward them for compliance with his rules.

As such, evidence of the defendant's activities to manipulate the prostitute/victims to be his prostitutes, including the evidence that he had sex with them and gave them alcohol and

drugs, is directly admissible to prove the act element in each of the prostitution-related counts in the Indictment. For example, it is directly relevant to show the recruitment and enticing elements of Counts One through Four. It is directly relevant to show the transportation and intent elements of Counts Five through Seven. And, it is directly relevant to show that the defendant "caused, induced, procured, and compelled" the prostitute/victims to engage in prostitution for Counts Fifteen through Seventeen. Accordingly, this evidence proves only "intrinsic" evidence of the crimes charged, not "extrinsic" evidence inviting an inference regarding Brice's bad character.

> **B.    If The Court Does Not Admit The Evidence of Sexual Acts With and Drug and Alcohol Distribution To K.H. and Shakita Proctor As Direct Evidence Of The Crime, Evidence Is Admissible In The Alternative Under Rule 404(b), Fed.R.Evid., To Prove The Defendant's Modus Operandi, Knowledge, Motive, and Intent**

   1.    Governing Law

Rule 404(b), Fed.R.Evid., permits the government to offer proof of a defendant's other crimes, wrongs, or acts so long as "the evidence is probative of a material issue other than character." Huddleston v. United States, 485 U.S. 681, 686 (1988). See also United States v. Miller, 895 F.2d 1431, 1435 (D.C. Cir.), cert. denied, 498 U.S. 825 (1990). "[A]lthough the first sentence of Rule 404(b) is 'framed restrictively,' the rule itself 'is quite permissive,' prohibiting the admission of other crimes evidence 'in but one circumstance' – for the purpose of proving that a person's actions conformed to his character." United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998) (*en banc*), cert. denied, 525 U.S. 1149 (1999), quoting United States v. Jenkins, 928 F.2d 1175, 1180 (D.C. Cir. 1991). The rule lists several categories of appropriate uses of extrinsic evidence – e.g., to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident; however, this list is not exhaustive. Miller, 895 F.2d at 1435.

Once the government has demonstrated that it is offering extrinsic evidence for a legitimate purpose, such proof must still pass muster under the balancing test of Rule 403, Fed. R. Evid. United States v. Clarke, 24 F.3d 257, 264 (D.C. Cir. 1994). "[I]t is a sound rule that the balance should generally be struck in favor of admission when the [extrinsic evidence] indicates a close relationship to the offense charged." United States v. Harrison, 679 F.2d 942, 948 (D.C. Cir. 1982), quoting United States v. Day, 591 F.2d 861, 878 (D.C. Cir. 1978).

Several courts have admitted evidence of sexual assaults and drug use/distribution under Rule 404(b) in the context of Mann Act cases. See United States v. Campbell, 49 F.3d 1079, 1083-84 (5th Cir. 1995) (evidence of defendant's drug use in connection with female prostitutes relevant and admissible under Rule 404(b) to show the defendant's intent, i.e., that the defendant used drugs to coerce women into prostitutes themselves); United States v. Winters, 729 F.2d 602 (9th Cir. 1984) (evidence defendant had previously beaten, raped, and forced three young women into prostitution relevant to show defendant's modus operandi, motive, and intent); United States v. Morris, 700 F.2d 427, 431 (1st Cir. 1983) (in Mann Act prosecution, "[beatings] [are] highly probative of the nature of their relationship and the purpose behind any interstate transportation"); United States v. Ratley, 284 F.2d 553, 554 (2nd Cir. 1960) ("Evidence of other similar crimes . . . to show intent . . . is particularly pertinent in Mann Act cases").

2.   Argument

As discussed above, the government anticipates that all three victims will testify that they engaged in prostitution for the defendant. We expect them to testify that the defendant lured them into this activity[4] by making them believe that he cared about them, would take care of them, and, eventually, would hurt them if they did not comply with his demands. The evidence

---

[4] K.H. and Shakita Proctor had not prostituted before meeting the defendant.

will show that during the time he was using the prostitute/victims for prostitution, the defendant gave them alcohol and drugs and had sex with them. He did so both to reward them for their compliant behavior and to control, manipulate, and discipline them. As described above, the government also expects to present expert testimony that sexual relations and drug usage are typical methods of creating and enforcing the prostitute-pimp relationship.

As such, the evidence of defendant's sexual relationships with the prostitute/victims and of his supplying them with drugs and alcohol is admissible under <u>Campbell</u>, <u>Winters</u>, <u>Morris</u>, and <u>Ratley</u> to prove all of the prostitution-related charges to show the defendant's modus operandi, knowledge, intent, and motive. The defendant's modus operandi was to seduce the prostitute/victims through sexual attention and drug and alcohol usage, and, having established that relationship with them, to use dependency on sex, alcohol, and drugs as a method of control and discipline to ensure that they would do his will and prostitute themselves on his behalf. The "other acts" are thus part and parcel of the very crimes with which the defendant is charged and accordingly shed light on defendant's intent in utilizing these victims for his own criminal ends. Moreover, in light of the expert testimony the government expects to offer, it is clear that we are not offering the "other acts" evidence to establish the defendant's character, but to illustrate the methodology he utilized to perpetrate his crimes.

The evidence of these "other acts" is very strong. It is anticipated that both K.H. and Shakita Proctor will testify that the defendant had sex with both of them and gave alcohol and drugs to both of them. In addition, the government anticipates that A.I. will testify that she saw the defendant engage in sexual acts with K.H. in Maryland.

The evidence the government seeks to introduce is far more probative than prejudicial under Rule 403. As demonstrated above, the evidence illustrates the essential nature of the

relationship between the defendant and his prostitute/victims and is critical to achieve an understanding of the manner in which the pimp-prostitute relationship operates. As such, it is a key element of the government's case, and is essential the jury's understanding of the complete picture of the defendant's crimes.

On the other side of the balance, the evidence is "prejudicial" only in the sense that it tends to incriminate Brice for the very crimes with which he has been charged. That does not render it inadmissible under Rule 403. Rather, only **unfairly** prejudicial evidence may be excluded; such evidence must have "'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" Old Chief v. United States, 519 U.S. 172, 180 (1997), quoting Advisory Committee Notes on Fed. Rule Evid. 403.

Any prejudice is minimal. To prove the four First Degree Child Sexual Abuse counts, the jury will hear that the defendant had sex with K.H. and the other juvenile victim A.I. and that there were often other prostitutes in the room to witness those acts. The jury will also hear, to prove the two sex trafficking by "force, fraud, and coercion" counts (Counts Two and Four), that the defendant used armed and unarmed threats and assaults to maintain control over the prostitute/victims. The additional evidence at issue in this pleading is no more prejudicial or incriminating that the other evidence.

That the evidence may have the side effect of casting Brice in an unfavorable light does not render it unfairly prejudicial. As the D.C. Circuit noted in United States v. Gartmon, 146 F.3d 1015 (D.C. Cir. 1998), "Rule 403 does not provide a shield for defendants who engage in outrageous acts, permitting only the crimes of Caspar Milquetoasts to be described fully to the jury. It does not generally require the government to sanitize its case, to deflate its witnesses' testimony, or to tell its story in a monotone." Id. at 1021 (citations omitted).

Accordingly, the evidence should also be admissible under Rule 404(b).

**C.    The Evidence Of the Defendant's Sexual Contact with K.H. Outside the District of Columbia Is Admissible under Rule 413, Fed.R.Evid.**

1.    <u>Governing Law</u>

Rule 413, Federal Rules of Evidence, provides that "In a criminal case in which the defendant is accused of an offense of sexual assault, evidence of the defendant's commission of another offense or offenses of sexual assault is admissible, and may be considered for its bearing on any matter to which it is relevant."[5]  The district court should consider factors that affect the probative value of the proffered evidence, including the similarity of the prior acts to the act charged, the closeness in time of the prior acts to the charged conduct, the frequency of the prior acts, the presence or absence of intervening events, and the need for additional testimony to explain the prior acts. <u>Blind-Doan v. Sanders</u>, 291 F.3d 1079, 1082 (9th Cir.2002); <u>United States v. Guardia</u>, 135 F.3d 1326, 1331 (10th Cir.1998).

Evidence that is relevant under Rule 413, however, is also subject to Fed.R.Evid. 403. Therefore, even if the district court concludes that the proffered evidence falls within the ambit of Rule 413, it must still consider whether the probative value of the evidence is "substantially outweighed" by the risk of prejudice, confusion, or undue delay. Fed.R.Evid. 403. However, Rule 403 must be applied to allow Rule 413 its intended effect. <u>United States v. LeCompte</u>, 131 F.3d 767, 769 (8th Cir.1997).  See also <u>United States v. Guardia</u>, supra, 135 F.3d at 1331 (10th Cir.1998) (noting Congressional intent that the presumption be in favor of admission); <u>United States v. Larson</u>, 112 F.3d 600, 604 (2d Cir.1997) (quoting Congressional sponsors' statements

---

[5]    Although not directly applicable because K.H. was fifteen years of age at the time of the alleged sexual assault by Brice, Rule 414, Fed.R.Evid., allows for admission of evidence of similar crimes in child (under the age of 14) molestation cases.

that "[t]he presumption is that the evidence admissible pursuant to these rules is typically relevant and probative, and that its probative value is not outweighed by any risk of prejudice").[6]

   2.   Argument

The defendant's sexual conduct toward K.H. outside the District of Columbia, is clearly admissible under Rule 413 as it is relevant to show that the defendant engaged in a pattern of conduct towards K.H.  The government anticipates that K.H. will testify that the defendant had sexual contact with her repeatedly and continuously.  The defendant did not limit his sexual advances to the District of Columbia but, in fact, had sex with her in every city they went.  Besides the few times he had anal sex with her, the proffered other act evidence was of the same nature as the sexual acts committed in the District.  In addition, the sexual acts outside of D.C. occurred at the same time as those in the District and the acts were continuous and frequent and there were no intervening events.  Blind-Doan v. Sanders, supra.[7]

---

[6] Rules 413 and 414, Fed.R.Evid., are consistent with D.C. Superior Court law which allows for the admission of evidence showing a history of sexual abuse of the child complainant, or other children, by the defendant on the theory of a predisposition to gratify sexual desires with that particular victim or an "unusual sexual preference" towards children. See, e.g., (Tyrone Johnson v. United States, 610 A.2d 729, 730 (D.C. 1992); Pounds v. United States, 529 A.2d 791, 794 (D.C. 1987); United States v. Calaway, 408 A.2d 1220, 1227 (D.C. 1979); Adams v. United States, 502 A.2d 1011, 1015 (D.C. 1986).

[7] Evidence that the defendant engaged in sexual acts to K.H. outside the District of Columbia is also relevant to show that the defendant has a propensity to engage in the offenses of First Degree Child Sexual Abuse (in the District of Columbia).  The legislative history of Rule 413 reveals that by "any matter to which it is relevant" Congress intended to include the defendant's propensity to engage in the offense of sexual assault with which he had been charged. See  140 Cong. Rec. H8991 (daily ed. Aug. 21, 1994) Statement of Congresswoman Susan Molinari ("The new rules will supersede in sex offense cases the restrictive aspects of Federal Rule of Evidence 404(b)." Contrasted to Rule 404(b)'s "general prohibition" against propensity evidence, "the new rules for sex offense cases authorize admission and consideration of evidence of an uncharged offense for its bearing 'on any matter to which it is relevant.' " . . . This includes the defendant's propensity to commit sexual assault ... and assessment of the probability or improbability that the defendant has been falsely or mistakenly accused of such an offense.").

As for the 403 balance, the prejudicial effect of this testimony is minimized by the fact that besides the testimony regarding anal sex in Maryland, the "other act" evidence is of the same nature as the charged offense.

The probative value of the evidence relating to sexual acts outside the District of Columbia is heightened by the government's need for the evidence. The evidence of the defendant's sexual contact with K.H. outside the District of Columbia, particularly the evidence that Shakita Proctor and A.I. saw the defendant have sex with K.H. in Maryland, is necessary and important to the court's assessment of K.H.'s testimony. As is typical in child sexual abuse cases, there are no witnesses to the defendant's sexual abuse to K.H. in the District of Columbia. there is evidence, however, that the two individuals, A.I. and Shakita Proctor, actually saw the defendant have sex with K.H. in Maryland. Were the court to limit the government's evidence to the defendant's sexual acts within the District (thus precluding testimony that the defendant had sex with K.H. in every city they went) the jury could reasonably conclude that K.H. was lying and simply tailoring her testimony to the charges in the Indictment. For it simply would not make sense that the defendant would limit his sexual conduct with K.H. to locations in the District, particularly since they spent a considerable amount of time outside the District.

## CONCLUSION

The evidence of other crimes that the defendant engaged in sexual acts towards K.H. outside the District of Columbia and with Shakita Proctor both in and outside the District of Columbia, and gave alcohol and drugs to K.H. and Shakita Proctor is admissible as direct evidence of the prostitution counts because it is intrinsic to the crimes charge. In addition, it is admissible under Rule 404(b), Fed.R.Evid., to show the defendant's modus operandi, knowledge, motive, and intent. Finally, the evidence that the defendant engaged in sexual acts with K.H.

outside the District of Columbia is admissible under Rule 413, Fed.R.Evid.

WHEREFORE, the United States respectfully requests that the Court allow the United States to present these other acts during its case-in-chief.

Respectfully submitted,

KENNETH L. WAINSTEIN
D.C. Bar No. 451058
United States Attorney

By: _____

SHARON MARCUS-KURN
Assistant United States Attorney
AZ Bar No. 10970
555 4th Street, NW, Room 10-122
Washington, D.C. 20530
(202) 353-9462
sharon.kurn@usdoj.gov

By: _____

MYESHA BRADEN
Special Assistant United States Attorney
DC Bar No. 461485
555 4th Street, N.W.
Washington, D.C. 20530