UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 05-0367 (RMC) |
| | : | |
| v. | : | |
| | : | |
| JARON BRICE | : | Trial Date: February 21, 2006 |

### GOVERNMENT'S RESPONSE TO "MOTION BY DETAINED MATERIAL WITNESS [A.I.] FOR DEPOSITION"

The United States of America, through its undersigned attorneys, responds to a "Motion By Detained Material Witness For Deposition" filed by counsel for detained juvenile material witness A.I. For the reasons articulated below, the government objects to A.I.'s request that her deposition by taken pursuant to Rule 15(a)(2), Federal Rules of Criminal Procedure, and that she be released from custody once that deposition has been conducted. A.I. has proven herself to be a flight risk and a danger to her own well-being. Her trial testimony can not "adequately be secured by deposition" and, given her pivotal role in the government's case, her live testimony is necessary to "prevent a failure of justice." 18 U.S.C. § 3144. Indeed, the motion appears to be little more than an attempt to sidestep the Court's carefully considered detention order.

### BACKGROUND

On October 4, 2005, the defendant, Jaron Brice, was indicted by the grand jury in the District Court for the District of Columbia on a seventeen-count indictment alleging violations of Title 18, United States Code, Sections 1591 (sex trafficking of children and sex trafficking by force, fraud, and coercion), 2423(a) (transportation of minors for prostitution), 2421 (transportation of persons for prostitution), and 922(g)(9) (unlawful possession of a firearm by a

-1-

person convicted of a misdemeanor crime of domestic violence) and Title 22, District of Columbia Code, Sections 3008 (first degree child sexual abuse) and 2705 (pandering). A.I., who is currently seventeen years of age, is the victim identified in counts Three (sex trafficking of children), Seven (transportation of minors for prostitution), Fourteen (first degree child sexual abuse), and Sixteen (pandering) of the Indictment. As the victim, she is the principal witness to the defendant's actions pertaining to those counts.

On November 16, 2005, Judge Rosemary Collyer ordered A.I. detained under 18 U.S.C. §§ 3142 and 3144. Judge Collyer found that A.I. is a material witness in the criminal case against Jaron Brice and, for reasons expressed in a sealed hearing, that no conditions of release would assure A.I.'s appearance at trial. Judge Collyer also found that detention could foster A.I.'s physical safety and emotional well being.

Trial in the Jaron Brice case is currently set for February 21, 2006.

A.I. requests that the parties conduct a deposition of her pursuant to Rule 15(a)(2) of the Federal Rules of Criminal Procedure and, upon completion of the deposition, that the Court release her from detention. The government objects to A.I.'s request because it believes that A.I.'s trial testimony can not "adequately be secured by deposition" and her live testimony is necessary to "prevent a failure of justice." 18 U.S.C. § 3144.

ARGUMENT

Rule 15(a) of the Federal Rules of Criminal Procedure provides for the taking of depositions of witnesses in criminal cases in "exceptional circumstances." Rule 15 states in relevant part:

**Rule 15.  Depositions.**

>    **(a) When Taken.**
>         **(1)    In General**.  A party may move that a prospective witness be deposed in order to preserve testimony for trial.  The court may grant the motion because of exceptional circumstances and in the interest of justice. . . .
>         **(2)    Detained Material Witness.**  A witness who is detained under 18 U.S.C. § 3144 may request to be deposed by filing a written motion and giving notice to the parties.  The court may then order that the deposition be taken and may discharge the witness after the witness has signed under oath the deposition transcript.

Fed.R.Crim.P. 15(a).  Under 18 U.S.C. § 3144, "[n]o material witness may be detained because of inability to comply with any condition of release if the testimony of such witness can **adequately** be secured by deposition, and **if further detention is not necessary to prevent a failure of justice.**"  18 U.S.C. § 3144 (emphasis added).  The use of depositions in lieu of live testimony at trial often contravenes the spirit of the Sixth Amendment, see Barber v. Page, 390 U.S. 719, 721 (1968), and can otherwise be an imperfect alternative for both parties.  See Aguilar-Ayala v. Ruiz, 973 F.2d 411, 419 (5th Cir. 1992).[1]  Therefore, a court's discretion to allow the government to present the deposition of a witness taken pursuant to Rule 15(a) in lieu of live testimony "is not broad and must be exercised carefully."  United States v. Mann, 590 F.2d 361, 365 (1st Cir. 1978).  In this case, A.I.'s trial testimony can not "adequately be secured by deposition," and her live testimony (and, thus, pretrial detention) is necessary to "prevent a

---

[1]    Court have recognized that trial by deposition can be an inadequate substitute for confronting the witness in front of the jury.  For example, the Fifth Circuit noted in Aguilar-Ayala v. Ruiz, 973 F.2d 411 (5th Cir. 1992), noted the following:
>    Only through live cross-examination can the jury fully appreciate the strength or weakness of the witness' testimony, by closely observing the witness' demeanor, expressions, and intonations.  Videotaped deposition testimony, subject to all of the rigors of cross-examination, is as good a surrogate for live testimony as you will find, but it is still only a substitute.  Even the advanced technology of our day cannot breath life into a two-dimensional broadcast.

Id., 973 F.2d at 419.

failure of justice." 18 U.S.C. § 3144.

As an initial matter, as Judge Collyer found in a previous sealed hearing, A.I. is a material witness in the government's case against Jaron Brice and based on A.I.'s history, no conditions of release short of pretrial detention can assure A.I.'s appearance at trial and detention was necessary for her own well being. Those findings warrant the Court's exercise of its authority to arrest and detain this critical witness. The obligation to testify is "essential to the very existence and constitution of a Court of common law" and a court has the power to detain a witness in order to secure her testimony. Wilson v. United States, 221 U.S. 361, 372 (1911) (quoting Lord Ellenborough in Amey v. Long, 9 East 484). As the Supreme Court stated in Blair v. United States, 250 U.S. 273 (1919):

> In all of these provisions, as in the general law upon the subject, it is clearly recognized that giving of testimony and the attendance upon court or grand jury in order to testify are public duties which every person within the jurisdiction of the Government is bound to perform upon being properly summoned, and for performance of which he is entitled to no further compensation than that which the statutes provide. The personal sacrifice involved is a part of the necessary contribution of the individual to the welfare of the public.

Id. at 281.

Here, as the Court already knows from the evidence presented at the sealed hearing, there is little question that were the Court to release A.I. after a deposition and with a trial subpoena, A.I. would fail to appear for trial to testify. In addition to her history, as was detailed at the sealed hearing, A.I. has few meaningful roots in the community and has been extremely reluctant to provide information regarding the defendant. Those factors made it appropriate to detain A.I. pending trial and likewise justify her continued detention. Indeed, the motion for deposition amounts to little more than an attempt to seek rehearing of the Court's earlier determination. Yet

A.I.'s lawyer has presented no reason to release her now that the Court did not already consider in detaining her in the first place. The situation fits neatly within the Supreme Court's recognition in Barry v. United States ex rel. Cunningham, 279 U.S. 597 (1929), that witnesses may properly be detained in such circumstances.

> The danger of punishment for contempt on account of a refusal to appear is sometimes too slight to deter the witness from absenting himself; especially is this true where there are but few ties to hold the witness in the jurisdiction where the trial is to be held, and there are reasons why he desires not to testify; for when once he has crossed the state line, he is beyond the grasp of any of the court's processes to bring him to the trial or to punish him for his refusal to answer to a subpoena. We conclude, therefore, that since the law manifestly intends that the courts shall have adequate power to compel the performance of the respective duties falling on those connected in any wise with the case, it may, where the exigencies so require, cause a witness to be held in custody, and in jail if need be, unless he gives reasonable bail for his appearance at the trial.

Id. 618.

Pretrial detention of A.I. is also necessary to "prevent a failure of justice" because in this case A.I.'s deposition would not "serve as an adequate substitute for her live testimony." 18 U.S.C. § 3144. The defendant has been indicted on very serious charges involving an allegation of trafficking of adult and underage females for prostitution and using force, fraud, coercion, and physical and emotional violence to ensure compliance with his demands.[2] The government's case relies largely on the testimony of the three young women, including A.I., identified as victims in the indictment, and the jury's assessment of their credibility is essential to both parties. A videotaped deposition is no substitute for A.I.'s live testimony. See Aguilar Ayala v. Ruiz, supra, 973 F.2d at 419 ("Even the advanced technology of our day cannot breath life into a two-dimensional [videotaped deposition testimony] broadcast."). For example, a videotaped

---

[2] The statutory maximum for these offenses is life imprisonment without parole.

deposition would not capture A.I.'s reaction to seeing the defendant for the first time since their encounters in 2004, her body language while testifying, her stress level, or a full picture of her response to what is anticipated to be vigorous cross-examination.  In addition, because the deposition testimony will be obtained before trial, it may not cover material aspects of the case as it develops during trial.   For example, the defense may present evidence in their case that could trigger the need for the government to call A.I. as a rebuttal witness.[3]  At that point, without the live testimony of A.I. and to no fault of its own, the government would be unable to rebut the defense evidence.  Had A.I. been detained, however, the government could have effectively rebutted the evidence and the jury would have a full and complete picture of the facts.  Because the government will be unable to anticipate all potential defenses before the deposition, if A.I. is released from detention and unavailable for trial, there is a significant change that the jury will be left with an erroneous impression of the facts and a "failure of justice" will result.  This result is particularly likely in a case as this one that involves only a small number of essential witnesses, each of whom has key testimony to support numerous counts, and little non-testimonial corroborating evidence.

Because the government's need for the jury to have a direct and complete picture of A.I. is so great in this case, that need must take precedence over A.I.'s wish to be released from detention.

The government further objects to deposing A.I. and releasing her after the completion of the deposition because that procedure presents a risk that the deposition will not be admitted at

---

[3] The defendant has not provided any discovery to the government and has not noticed an expert.  Thus, at this point, the government has no idea what Brice's defense or trial strategy will be.

trial over Brice's Confrontation Clause objection if the Court determines that A.I. is not "unavailable" because the government has not used "reasonable means" to find her. Rules 804(a)(5) and 804(b)(1), Federal Rules of Evidence.[4]

The government and the Court have attempted to minimize the scope of the infringement on A.I.'s liberty. First, the Court gave preferential treatment to this case because it involves child witnesses and scheduled the trial at the Court's first available date. Second, while in jail, A.I. is receiving social services to ensure that she is safe and that her medical, psychological, and scholastic needs are addressed.

WHEREFORE, the United States respectfully requests that the Court deny A.I.'s request to be deposed and released from the secure setting where she currently resides.

Respectfully submitted,

KENNETH L. WAINSTEIN
D.C. Bar No. 451058
United States Attorney

---

[4] Rule 804(b)(1), Federal Rules of Evidence, states that a "deposition taken in compliance with law in the course of the same or another proceeding" is excluded from the hearsay rules if the declarant/witness is "unavailable as a witness." Rule 804(a)(5), Fed.R.Evid., defines "unavailability as a witness" to include a situation where the declarant "is absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance by process or other reasonable means."

By: _____
SHARON MARCUS-KURN
Assistant United States Attorney
AZ Bar No. 10970
555 4th Street, NW, Room 10-122
Washington, D.C.  20530
(202) 353-9462
sharon.kurn@usdoj.gov

By: _____
MYESHA BRADEN
Special Assistant United States Attorney
DC Bar No. 461485
555 4th Street, N.W.
Washington, D.C. 20530