**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| V. ) | Cr. No. 05-0367 (RMC) |
| ) | |
| JARON BRICE ) | |
| ) | |

**MOTION TO SUPPRESS IDENTIFICATIONS**
**AND MEMORANDUM IN SUPPORT THEREOF**

Defendant Jaron Brice, through counsel, respectfully moves the Court to suppress, as evidence against him, for all purposes, identifications made of him through the use, by the police, of a photographic array which included his photograph. As grounds, Mr. Brice and counsel state as follows:

I.   BACKGROUND

Defendant Brice is charged with, *inter alia*, sex trafficking of children, sex trafficking by force, pursuant to 18 U.S.C. § 1591, and first degree child sexual abuse, pursuant to D.C. Code § 3008. During the investigation of this matter the police displayed a photographic array containing a photo of Mr. Brice to at least two witnesses.

II.   THE PROCEDURES WERE UNNECESSARY AND UNRELIABLE

Identification evidence must be excluded at trial when the authorities use a pretrial identification procedure so impermissibly suggestive that it gives rise to a "substantial likelihood of irreparable misidentification" in violation of the Due Process Clause. *Manson v. Brathwaite*, 432 U.S. 98, 107 (1977); *Simmons v. United States*, 390 U.S. 377, 384 (1968); *Stovall v. Denno*, 388 U.S. 293, 301-02 (1967).

"Reliability is the linchpin in determining the admissibility of identification testimony." *Manson v. Brathwaite*, 432 U.S. at 114.  When a pretrial identification is unnecessarily suggestive, the court must weigh "the corrupting effect of the suggestive identification" against the criteria for a reliable identification, including the opportunity of the witness to view the accused at the time of the crime, the witness' degree of attention, the accuracy of one's prior description of the accused, the degree of certainty demonstrated at the confrontation, and the time between the crime and the confrontation.  *Id.*

Here, at least one of the witnesses who identified Mr. Brice, and who claimed to know him, initially identified an individual other than Mr. Brice as her controller.  Secondly, the array is suggestive.  In the six phot array, four of the individuals have mustaches, facial hair, or hairstyles significantly different from Mr. Brice's features.  The array is thus reduced to, at best, a two photo array.  This procedure is scarcely better than a single photo showing.  With respect to identifications pursuant to the single photograph, such identifications are inherently suggestive.  *Manson v. Brathwaite*, 432 U.S. 98, 109-12 (1977).

For the foregoing reasons, and any others that appear to the Court, Mr. Brice asks that the Court grant a hearing and suppress any identification evidence.

Respectfully submitted,

A.J. Kramer

Federal Public Defender

                                      _____
Shawn Moore
DC Bar # 214171
Jonathan Jeffress
Assistant Federal Public Defenders
Attorneys for Jaron Brice
625 Indiana Avenue, NW #550
Washington, DC 20004
202/208-7500
Fax/208-7515