UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.  05-0367 (RMC) |
| | : | |
| v. | : | |
| | : | |
| JARON BRICE | : | Trial Date:   February 21, 2006 |

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO SUPPRESS IDENTIFICATIONS

The United States of America by and through its attorney, Kenneth L. Wainstein, United States Attorney for the District of Columbia, and undersigned counsel, hereby files its opposition to the defendant's Motion to Suppress Identifications made of him through the use of a photographic array.

BACKGROUND

The defendant, Jaron Brice, is charged in an indictment with four counts of sex trafficking, in violation of 18 U.S.C. § 1591; three counts of transporting a minor for prostitution, in violation of 18 U.S.C. § 2423(a); two counts of transportation for prostitution, in violation of 18 U.S.C. § 2421; one count of possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(9); four counts of first degree child sexual abuse, in violation of 22 D.C.C. § 3008; and three counts of pandering, in violation of 22 D.D.C. § 2705.  The charges involve the defendant's alleged trafficking of two juveniles (K.H. and A.I.) and one adult (S.P.) for prostitution.  The defendant is alleged to have used K.H. for prostitution from approximately March 31, 2004, through approximately October 31, 2004, S.P. from October 2004 through May 17, 2005, and A.I. for a short (four or five day) period in approximately April of 2004.  The

investigation of this matter was conducted by the Federal Bureau of Investigation (FBI), whose agents showed a six-photo array to all three victims as a pretrial identification procedure in aid of the investigation.[1]  The same photo array was used for each of the three identifications.  FBI Special Agent Bridget Thomas (SA Thomas) showed the array to K.H. on November 2, 2004, A.I. on April 5, 2005, and S.P. on May 25, 2005.  All three females quickly identified the defendant as their "pimp."

ARGUMENT

When deciding whether an out-of-court identification violates the Due Process Clause, the Court must employ a two-step process.  The first step of this process involves determining whether the showing of the photographs was unduly suggestive.  U.S. v. Washington, 12 F.3d 1128, 1134 (D.C.Cir. 1994) (citing Neil v. Biggers, 409 U.S. 188, 197 (1972)).  Factors to consider when assessing the suggestibility of a photographic array include, "size of the array, the manner of presentation by the officers, and the array's contents."  See U.S. v. Cooper, 85 F.Supp.2d 1, 36 (D.D.C. 2000) (quoting U.S. v. Concepcion, 983 F.2d 369, 377 (2d Cir. 1992)).

Even should the Court determine that the photo array was unduly suggestive, the suggestiveness alone does not "violate due process so long as the identification possesses sufficient aspects of reliability." U.S. v. Cooper, supra, 85 F.Supp.2d at 36 (quoting Manson v. Brathwaite, 432 U.S. 98, 106 (1977)).  The Court would then take the second step of its inquiry and determine whether the "identification was sufficiently reliable to preclude a substantial

---

[1]  A copy of the photo array has been provided to the defense in discovery and will be provided to the Court at the February 3, 2006, hearing on this pre-trial motion.

likelihood of misidentification." U.S. v. Washington, supra, 12 F.3d at 1134.  The Court's consideration of reliability should focus on five factors: (1) the opportunity of the witness to view the criminal at the time of the crime, (2) the witness' degree of attention, (3) the accuracy of his prior description of the criminal, (4) the level of certainty demonstrated at the confrontation, and (5) the time between the crime and the confrontation.  Manson v. Brathwaite, 432 U.S. at 114; Neil v. Biggers, 409 U.S. at 199-200.

In his motion to suppress, the defendant claims that the photo array is suggestive because "four of the individuals have mustaches, facial hair, or hairstyles significantly different from Mr. Brice's features" and, thus, the array is analogous to a "single photo showing." Defendant's Motion to Suppress at 1.  The defendant has not made a sufficient showing that the array was suggestive.  Therefore, the motion should be denied without regard to the second prong of the analysis.

Although the defendant included in a heading in his motion that the identifications were unreliable,[2] he did not articulate any facts to support his claim.  Nevertheless, were the court to look at the reliability of the identifications, it would easily conclude that they were reliable.

I.      THE PHOTO ARRAY WAS NOT UNDULY SUGGESTIVE

Here, there is no question but that the photo array is clearly not suggestive.  First, it consists of six pictures, a sizeable number.  Second, contrary to the defendant's assertion, the individuals in the photographs have remarkably similar characteristics.  Each of the individuals

---

[2]     The defendant's brief includes as a heading: "The Procedures Were Unnecessary and Unreliable." Defendant's Motion at 1.  The defendant also discusses briefly the caselaw for determining whether a suggestive identification procedure is also defectively unreliable. Id. at 2.  But nowhere in the brief does the defendant actually allege that the identification was unreliable.

featured in the array is a young, African-American male with medium skin tone.  Each man possesses a mustache and chin-hair.  Four of the men featured in the photo array, including the defendant, possess a small facial marking on their right cheek.  Five of the men, including the defendant, are wearing their hair in similar braided or plaited hair style. In fact, no one person in the array looks substantially different from the others.[3]  Similar photo spreads have withstood challenges that they were suggestive.  See, e.g., United States v. Lawson, 410 F.3d 735, 739 (D.C.Cir. 2005) (photo array not suggestive in that it showed six African-American individuals of "generally similar ages and facial features."  Court dismisses claim that complection and lips may be different, noting that "in each respect at least one other pictured individual appears comparable.")

Finally, there was nothing in the manner SA Thomas presented the photo array that creates an air of suggestivity and the defendant does not suggest otherwise.  As she was trained to do, SA Thomas simply presented the photo array to the witnesses and asked each if she recognized anyone in the spread.   After looking at all six pictures, both females identified the defendant as the "pimp" they had been discussing.

Because the photo array is not unduly suggestive, the Court need not reach the issue of reliability and the defendant's motion to suppress photographic identification should be denied.

II.     THE IDENTIFICATIONS ARE RELIABLE

---

[3]     Even if the individuals in four of the six photographs had characteristics significantly different than Brice's, that fact, alone, would not deem the array suggestive. See, e.g., United States v. Marshall, 807 F.Supp. 5 (D.D.C. 1992) (a single, unique physical trait is an insufficient basis for a finding of suggestivity); United States v. Jackson, 509 F.2d 449 (D.D.Cir. 1974) (lineup not impermissibly suggestive where the defendant was the only participant with a "bush" hairstyle).

Were the court to address the reliability of the identifications, using the factors outlined in Manson v. Brathwaite, supra, it would find that the identifications were reliable.

K.H.'s opportunity to view the defendant was excellent. She spent virtually every day with the defendant, and had regular sexual contact with the defendant, for a seven month period in 2004. She claimed to be in love with him and, in fact, had a tattoo placed on her body as a demonstration of her affection for him. When she saw the defendant's picture in the photo array, just one month after last seeing him, she immediately recognized him.

The defendant claims that "at least one of the witnesses who identified Mr. Brice, and who claimed to know him, initially identified an individual other than Mr. Brice as her controller." Defendant's Motion at 2. However, this statement is not an accurate representation of the facts. During SA Thomas's initial interview of K.H., K.H. lied to Thomas and said that her (K.H.'s) pimp was someone other than the defendant (an associate of the defendant's). In that same interview she admitted that she had lied and gave Brice's name. This fact, however, does not speak t, and is not relevant to, K.H.'s actual identification of the defendant from the photo array.

S.P. also had extensive opportunity to view the defendant. She was with the defendant on a daily basis for seven months. She was sexually intimate with him. She traveled with him. Also, she saw the photo array approximately one week after last seeing the defendant (when he was arrested in Miami with her).

A.I.'s also had an extensive opportunity to view the defendant. Although A.I. was only with the defendant for less than a week, during this period she was with him for a substantial portion of day. According to A.I., when she wasn't with her prostitution customers, she was with

the defendant. In addition, she asserts that during the time she was with him he physically assaulted and raped her. Thus, she had significant opportunity to view him and his abusive treatment of her left an indelible impression on her. In addition, she immediately recognized the defendant in the photo spread.

In light of all of these factors, K.H. and A.I's identification was nothing short of completely reliable.

## CONCLUSION

The defendant has failed to meet his burden of showing that the photo array was fatally suggestive. Moreover, he has not alleged, let alone established, that the resulting identification was unreliable.

WHEREFORE, the United States respectfully requests that the defendant's Motion to Suppress Identifications be denied.

                                                  Respectfully submitted,

                                                  KENNETH L. WAINSTEIN
                                                  D.C. Bar No. 451058
                                                  United States Attorney

By: _____
       SHARON MARCUS-KURN
       Assistant United States Attorney
       AZ Bar No. 10970
       555 4th Street, NW, Room 10-122
       Washington, D.C. 20530
       (202) 353-9462
       sharon.kurn@usdoj.gov

By: _____
MYESHA K. BRADEN
Special Assistant United States Attorney
DC Bar No. 461485
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-6037
Myesha.Braden@usdoj.gov