IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Crim. No. 05-367 (RMC) |
| JARON BRICE, | ) ) | |
| Defendant. | ) ) ) | |

**DEFENDANT JARON BRICE'S OPPOSITION TO GOVERNMENT'S
MOTION *IN LIMINE* TO ADMIT OTHER ACT EVIDENCE**

Mr. Jaron Brice, the defendant, through undersigned counsel, respectfully opposes the Government's Motion *In Limine* To Admit Other Act Evidence, and moves this Honorable Court to deny the motion.

**Background**

At the trial in this matter, the government seeks to introduce evidence against Mr. Brice that he: (1) engaged in sexual acts towards "K.H." outside the District of Columbia; (2) engaged in sexual acts towards adult Shakita Proctor both inside and outside the District of Columbia; and (3) gave alcohol and drugs to K.H. and Shakita Protor. Mr. Brice has bot been charged with committing any of the above acts.

**Discussion**

**I.      Admission of the Proferred Evidence Must Be Assessed Under Rule 404(b).**

The government's assertion that the proffered evidence should be admitted without regard to Rule 404(b) is incorrect. First, the "intrinsic" evidence doctrine, which is almost always–if not entirely–used in conspiracy cases, does not pertain here. With respect to the allegations that Mr.

Brice had sex with K.H. and Shakita Proctor, allegations of sex between a "pimp" and prostitutes –as opposed to evidence of sex between the prostitutes and the customers –is not "intrinsic" to the prostitution charges. While it may be the case that certain pimp/prostitute relationships do involve direct sexual activity, that is not necessarily the case–which is what the "intrinsic evidence" doctrine requires. See United States v. Badru, 97 F.3d 1471, 1474 (D.C. Cir. 1996) (admitting evidence in heroin conspiracy case of couriers' smuggling trips to Nigeria because "'the only way [one] can distribute heroin is to get heroin'"). The same logic applies with even greater force to the allegation that Mr. Brice shared alcohol and drugs with K.H. and Shakita Proctor. The sharing of alcohol and drugs is in no way "inextricably intertwined" to the charges in this case, Badru, 97 F.3d at 1474, which relate to Mr. Brice's sexual contacts and his alleged status as a pimp to the government witnesses.

The holdings in the Evans cases, which are related cases that involved the same wide-ranging prostitution conspiracy, do not support the government's position. See United States v. (Levorn) Evans, 285 F.3d 664, 670 (8th Cir. 2002); United States v. (Monroe) Evans, 272 F.3d 1069, 1083 (8th Cir. 2002). In Monroe Evans, the evidence was that a co-defendant, Derry Evans, asked a woman whether she would work for him as a prostitute. See id. When she refused, he had her raped by three men, after which he again asked if she would work for him. See id. When she again refused, he said that he would have people continue to rape her until she agreed. See id. Under those facts, the direct, intrinsic connection between the evidence and the statute at issue–the Mann Act–was plain, as the defendant's actions were clearly "actions taken to recruit, control and discipline" the prostitutes. Id. The Levorn Evans case involved essentially the same facts, and the court based its ruling on the opinion from the Monroe Evans case. See

<u>Levorn Evans</u>, 285 F.3d at 670. Here, by contrast, it cannot be said that allegations of sex between Mr. Brice and K.H. outside of D.C. and common drug use among Mr. Brice, K.H. and Shakita Proctor are "intrinsic" to the charges. The connection between the charges and the alleged prior bad acts–which at this point in time is "established" only by the bare accusations contained in the government's pleading–is not sufficiently strong to allow the government to circumvent Rule 404(b).

In short, the government should not be permitted to avoid the strictures of Rule 404(b) through the simple expedient of labeling evidence of other bad acts evidence "intrinsic" to the crimes charged. The Court should instead determine whether to admit such evidence under Fed. R. Evid. 404(b).

**II.     The Proffered Evidence Is Inadmissible Evidence of Other Bad Acts Under Federal Rule of Evidence 404(b).**

In order for evidence of a prior bad act to be admissible, it must be both reliable and probative of a material issue other than character. <u>See</u> <u>United States v. Rawle</u>, 845 F.2d 1244, 1247 (4th Cir. 1988); <u>see also</u> Fed. R. Evid. 404(b); <u>United States v. Gaviria</u>, 116 F.3d 1498, 1532 (D.C. Cir. 1997) (citing <u>United States v. Clarke</u>, 24 F.3d 257, 264 (D.C. Cir. 1994)). To be probative of a material issue, a prior bad act must speak to an essential element of the charged offense or furnish part of the context for the alleged crime. <u>See</u> <u>Rawle</u>, 845 F.2d at 1247 n.4. The government bears the burden of demonstrating the relevance of the "prior bad acts" it seeks to have admitted. <u>See</u> <u>United States v. Hudson</u>, 843 F.2d 1062, 1066 (7th Cir. 1988); <u>United States v. Hogue</u>, 827 F.2d 660, 662 (10th Cir. 1987). The evidence of the bad acts at issue here is not admissible pursuant to Rule 404(b) because the acts are irrelevant to any material issue in

this case other than propensity to commit the offenses charged, which is precisely what Rule 404(b) forbids.

Allegations of sex between Brice and K.H. and Brice and Shakita Proctor, and common drug use among the three, does not go to any of the typical purposes for the admission of other bad act evidence. See Fed. R. Evid. 404(b) (evidence must go to "motive opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident"). Thus, the only true purpose that admission of evidence that Mr. Brice used drugs and had casual sex could serve would be to place Mr. Brice's character in issue and show a propensity to commit crimes. These are the very purposes for which such evidence may not be admitted. See, e.g., Huddleston v. United States, 485 U.S. 681 (1988)(holding other crimes evidence is not admissible to show bad character and action in conformity therewith); United States v. Rhodes, 886 F.2d 375 (D.C. Cir. 1989); United States v. Hernandez, 780 F.2d 113 (D.C. Cir. 1986); United States v. Foskey, 636 F.2d 517 (1980); United States v. Shelton, 628 F.2d 54 (1980).

### III. The Court Should Exclude the Evidence Pursuant to Federal Rule of Evidence 403 Because the Evidence Is More Prejudicial than Probative.

Even if reliable and probative of a material issue, evidence of "prior bad acts" is nevertheless inadmissible if the probative value of the evidence is substantially outweighed by its likely prejudicial impact. Fed. R. Evid. 403; Gaviria, 116 F.3d at 1532 (citing Clarke, 24 F.3d at 264). Because of the potential for prejudice, "evidence indicating the accused's commission of an offense not on trial . . . is generally to be excluded." United States v. Anderson, 509 F.2d 312, 328 (D.C. Cir. 1974) (quoting Robinson v. United States, 459 F.2d 847, 856 (D.C. Cir. 1972)).

As discussed in the previous section, allegations that Mr. Brice had sex outside of with

Shakita Proctor and that he used drugs with government witnesses are only weakly relevant to this case, if at all. The weak or nonexistent probative value of the alleged prior bad acts stands in stark contrast to the severe prejudicial impact introduction of the evidence would have on the jury. Even with a limiting instruction, jurors will have a difficult time resisting the natural human impulse to make the impermissible inference that someone who has previously broken the law is more likely to break the law on a subsequent occasion – the very inference that Federal Rule of Evidence 404(b) was intended to prevent. There exists a grave danger that jurors in Mr. Brice's case will lower the bar for conviction or scrutinize the facts less searchingly because they do not fear convicting an "innocent" man.

## Conclusion

For the foregoing reasons and any other reasons that may be adduced at a hearing on this matter, the Court should deny the government's request to introduce evidence of other bad acts.

Respectfully submitted,
A.J. KRAMER

_____
Shawn Moore, Esq.
Jonathan S. Jeffress, Esq.
<u>Counsel for Jaron Brice</u>
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004
(202) 208-7500

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| Plaintiff, | ) |
| v. | ) Crim. No. 05-367 (RMC) |
| **JARON BRICE,** | ) |
| Defendant. | ) |

## ORDER

Upon consideration of the government's Motion In Limine to Admit Other Act Evidence, it is hereby

**ORDERED** that the government's Motion is **DENIED**.

**SO ORDERED.**

_____
ROSEMARY M. COLLYER
UNITED STATES DISTRICT JUDGE

DATE:

Copies to:
Shawn Moore, AFPD
Jonathan S. Jeffress, AFPD
Sharon Marcus-Kurn, AUSA