UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Criminal Case No. 05-060 (RMC) |
| JARON BRICE, | ) ) ) | |
| Defendant. | ) ) | |

**STANDING ORDER FOR JOINT PRETRIAL STATEMENT**[1]

To administer this case in a manner consistent with the highest quality of justice, it is **ORDERED** that, by no later than Wednesday, February 15, 2006, the parties file with the Court a Joint Pretrial Statement that meets the criteria set forth below. Non-conforming submissions will not be accepted. The Joint Pretrial Statement shall include:

    A.    <u>a neutral statement of the case</u> for the Court to read to prospective jurors;

    B.    <u>proposed *voir dire* questions</u>. Standard *voir dire* questions are attached as Appendix I. Counsel are to indicate:

        1.    the *voir dire* questions on which the parties agree; and

        2.    the *voir dire* questions on which the parties disagree, with specific objections noted below each disputed question;

        3.    additional proposed questions, with any objections noted below the disputed questions;

---

[1] Effective November 3, 2003 for all criminal cases.

    C.    <u>a list of proposed jury instructions</u>, followed by the text of each proposed instruction, that indicates:

        1.    the instructions on which the parties agree;

        2.    the instructions on which the parties disagree, with specific objections noted below each disputed instruction; and the proposed instruction's source (*e.g.*, the Red Book, Matthew Bender's Federal Jury Instructions) or, for modified or new instructions, supporting legal authority (*e.g.*, *United States v. Taylor*, 997 F.2d 1551, 1555-56 (D.C. Cir. 1993));

Proposed instructions may be updated the first day of trial or as needed to reflect the evidence presented at trial. Absent a showing of good cause, no other modifications will be permitted.

    D.    <u>a list of expert witnesses</u>, accompanied by a brief description of each witness's area of expertise and expected testimony, followed by specific objections (if any) to each witness;

    E.    <u>any motions in limine</u>, with citations to legal authority, that the parties reasonably anticipate will arise at trial, accompanied by any oppositions and replies thereto;

    F.    <u>a list of exhibits</u>, followed by numbered copies of the exhibits, that each party intends to offer during trial (except that if the total number of pages exceeds 25, the exhibits should be submitted in a separate binder);

    G.    <u>any stipulations</u>, signed by counsel and the defendant(s); and

    H.    <u>a proposed verdict form</u>, as well as proposed special interrogatories (if any), that includes a date and signature line for the jury foreperson.

The parties must submit to chambers **both a printed and an electronic (computer disk) copy** of the Joint Pretrial Statement, preferably in WordPerfect format.  The jury instructions section should be formatted so that each individual jury instruction begins on a new page.  Finally, the printed copy should be three-hole punched, with each of the eight sections separated by labeled tab dividers.

*Failure to comply with this Order will be deemed a waiver of all objections to matters covered by this Order.*


**SO ORDERED**.


Dated: February 10, 2006.                             _____/s/_____
                                                                                ROSEMARY M. COLLYER
                                                                                United States District Judge

**APPENDIX I**

***VOIR DIRE***

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 05-cr-00367 (RMC) |
| **JARON BRICE** | ) ) ) | |
| Defendant. | ) ) | |

Ladies and gentlemen, I am Judge Rosemary M. Collyer. You have been called to this courtroom for possible selection as jurors in a case titled *United States of America v. Jaron Brice*. Mr. Brice is charged with seven offenses: 1) sex trafficking of children; 2) sex trafficking by force, fraud, and coercion; 3) transportation of minors for prostitution; 4) transportation of persons for prostitution; 5) unlawful possession of a firearm by a person convicted of a misdemeanor crime of domestic violence; 6) first degree child sexual abuse; and 7) pandering.

The process of jury selection is called the voir dire process and its object is to select 12 jurors and 4 alternates who have no prior knowledge concerning this case and no bias toward either side in this case. I will be asking questions of you to enable me to determine whether or not any prospective juror should be excused for cause and to enable counsel for the parties to exercise their individual judgment with respect to peremptory challenges – that is, challenges for which no reason need be given.

**APPENDIX I**

I will have three sets of questions. For the first set, if your answer to any question is yes, please raise your hand and I will call on you to answer the question with the handheld microphone. Please give us your juror number before you answer. The second set of questions is more informal and everyone should answer, one at a time, starting at the front row on my left. The third set of questions contains some questions that are more personal; if you have answers to any of these questions, mark them on your yellow card and you can come up to the bench to answer them.

1. We anticipate that it will take ___ weeks to present the evidence in this case. Does this present a special problem for any of you?

2. The defendant is Jaron Brice, also known as "Jay", also known as "Bird," also known as "Jay Bird" and also known as "Daddy." He is charged with knowingly recruiting, enticing, harboring, transporting, providing, and obtaining by any means two minors under the age of 18, identified here only as K.H. and A.I., knowing that the minors would be caused to engage in a commercial sex act. It is alleged that Mr. Brice used force, fraud and coercion against K.H., A.I., and Shakita Proctor, a non-minor, to cause them to engage in commercial sex acts. It is further alleged that Mr. Brice transported K.H., A.I. and Shakita Proctor from the District of Columbia to other states with the intent that K.H., A.I., and Ms. Proctor engage in prostitution. Mr. Brice is charged with three counts of First Degree Child Sexual Abuse and three counts of Pandering. He is also charged with engaging in a sexual act with A.I., a child under sixteen years of age. Having been convicted of a misdemeanor crime of domestic violence in Superior Court, Mr. Brice is charged with unlawfully and knowingly receiving and possessing a firearm and ammunition.

Has any member of the jury panel heard or read anything about this case?

2

**APPENDIX I**

3. AUSA, will you introduce yourself and your colleague to the jury and will you list the witnesses the Government plans to call to testify?

    A. Does anyone in the jury panel know any of the persons just introduced or listed?

    B. Has anyone in the jury panel had any business or other dealings with any of the persons just introduced or listed?

    C. Has anyone in the jury panel had any other kind of relationship or information about any of the persons just introduced or listed?

4. Will counsel for Mr. Brice please introduce yourself to the jury panel and will you list the witnesses the defendant may call to testify at trial?

    A. Does anyone in the jury panel know any of the persons just introduced or listed?

    B. Has anyone in the jury panel had any business or other dealings with any of the persons just introduced or listed?

    C. Has anyone in the jury panel had any other kind of relationship or information about any of the persons just introduced or listed?

5. Has any member of the jury panel ever served as a juror in a criminal or civil case or served as a member of a grand jury in either federal or state court?

    A. Distinguish grand jury and trial jury

    B. Did you reach a verdict

6. Has any member of the jury panel, or any member or your family or a close friend,

**APPENDIX I**

been employed by a law enforcement agency?

SECOND SET:

       7. State the neighborhood in the City where you live and tell us how long you have lived there.

       8. What is your occupation and who is your employer? If you are retired or currently unemployed, please state your former occupation and the name of your last employer.

       9. Are you married or in a longterm relationship? If so, please describe your spouse's or partner's occupation.

       10. Do you have any adult children? If so, what is each child's occupation?

       11. What schooling have you had?

THIRD SET:

       12. In this case, police officers will be witnesses. Would you be inclined to give greater or lesser weight to a police officer's testimony than to that of other witnesses, simply because s/he is a police officer?

       13. Have you ever been involved, in any court, in a criminal matter that concerned yourself, any member of your family, or a close friend either as a defendant, a witness or a victim?

       14. If you are selected to sit on this case, will you be able to render a verdict solely on the evidence presented at the trial and in the context of the law as I will give it to you in my instructions, disregarding any other ideas, notions or beliefs about the law which you may have

**APPENDIX I**

encountered?

      15.  Do you have any health problems, or take medication or the like, which would interfere with your ability to give full attention to this case?

      16.  Do you have any religious or moral beliefs that would interfere with being a member of this jury?

      17.  Is there any reason you can think of, whether covered by a previous question or not, why you could not sit fairly, attentively, and impartially in this case?