**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Crim. No. 05-367 (RMC)** |
| ) | |
| **JARON BRICE,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**DEFENDANT JARON BRICE'S MOTION**
**FOR EMERGENCY STATUS HEARING**

Defendant, Jaron Brice, through undersigned counsel, respectfully moves the Court to schedule an emergency status hearing in the above-captioned case. As grounds for this motion, defense counsel submits:

1.     Mr. Brice has been charged by Indictment with 14 counts of prostitution-related offenses, two counts of first degree child sexual abuse and one count of possession of a firearm and ammunition by a person with a misdemeanor conviction for domestic violence.

2.     On January 6, 2006, defense counsel sent the government a letter requesting, inter alia, all material subject to the government's Brady and Giglio obligations.

3.     On February 9, 2006, less than two weeks before the February 21 trial date in this matter, defense counsel came to learn from its own investigation that the government has, at least at one point in time, had in its possession a videotape showing government witness A.I. on the "Judge Hatchett" television show in December 2003, just several months before she was allegedly with Mr. Brice. According to a description of that program, A.I. "claims that she enjoys running

away, and has earned over a thousand dollars from having sex with older men. [A.I.] insists that her mom should stop worrying about her because she is tough enough to protect herself from pimps, and she wouldn't care if she died tomorrow because she's having fun." Ex. 1 (description of program). Apparently A.I. also exposes herself during the show. See id. The defense has not been able to obtain a copy of the tape through its independent efforts.

4.      The indictment charges Mr. Brice with pandering in Count 17. That count alleges that Mr. Brice "placed, caused, induced, procured, and compelled" A.I. to prostitute herself. The tape of that show is plainly exculpatory Brady material with respect to Count 17. Furthermore, regardless of the charges, the tape is impeachment material, and subject to the government's Brady obligations for that reason as well. See, e.g., United States v. Bagley, 473 U.S. 667, 676-77 (1985).

5.      On February 10, 2006, defense counsel sent government counsel a letter requesting the tape. See Ex. 2. The government responded that "it had heard about such a tape" and that the FBI had had a copy of the tape, had viewed it, and then had returned the tape to a "non-government source." See Ex. 3. The government disputes whether the tape is Brady and seems to believe that because the FBI returned the tape to its "non-government" source, it has absolutely no discovery obligations with respect to this tape.

6.      The defense submits that the government's characterization of its duty with respect to this evidence is fundamentally incorrect. It is of very serious concern that, were it not for its own investigation, the defense would never have learned of this Brady material, which the government has had in its possession and has viewed (but for some reason, apparently did not copy). The withholding of information concerning the tape raises serious questions about how the

government is interpreting its most fundamental discovery obligations.

WHEREFORE, Mr. Brice requests that the Court set this matter down for an immediate status conference to resolve the discovery dispute over the tape and to review the current status of discovery in this case.

Respectfully submitted,

A.J. KRAMER
Federal Public Defender


_____/s/_____
Shawn Moore
Jonathan S. Jeffress
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste 550
Washington, D.C.  20004
(202)  208-7500