**FEDERAL PUBLIC DEFENDER**
DISTRICT OF COLUMBIA
SUITE 550
625 INDIANA AVENUE, N.W.
WASHINGTON, DC 20004

A. J. KRAMER
*Federal Public Defender*

Telephone (202) 208-7500
FAX (202) 208-7515

February 10, 2006

Sharon Marcus-Kurn, Esquire
Assistant United States Attorney
Office of the United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530

Re:   United States v. Jaron Brice
      Criminal No. 05-367 (RMC)

Dear Ms. Marcus-Kurn:

　　Thank you for your discovery letter of February 6, 2006. While we appreciate the additional materials, I must be frank that we have serious concerns about the government's compliance with its most fundamental discovery obligations in this case, including your Brady obligations.

　　On January 6, 2006, we sent you a discovery letter requesting, inter alia, all Brady and Giglio material. As you know, Brady material encompasses all exculpatory evidence, as well as any evidence that could be used to impeach a government witness. See, e.g., United States v. Bagley, 473 U.S. 667, 676-77 (1985).

　　We have now learned that you have had in your possession for some time a videotape showing A.I. on the "Judge Hatchett" television show in December 2003, just several months before she was allegedly with Mr. Brice. According to a description of that program, A.I. "claims that she enjoys running away, and has earned over a thousand dollars from having sex with older men. [A.I.] insists that her mom should stop worrying about her because she is tough enough to protect herself from pimps, and she wouldn't care if she died tomorrow because she's having fun." Apparently A.I. also exposes herself during the show.

Sharon Marcus-Kurn, Esquire
February 9, 2006
Page 2

     As you know, you have charged Mr. Brice with pandering in Count 17, which alleges that Brice "placed, caused, induced, procured, and compelled" A.I. to prostitute herself. The tape of that show is plainly exculpatory Brady material. Furthermore, regardless of the charges, the tape is impeachment material, and subject to your Brady obligations for that reason as well.

     Please produce the tape immediately. In addition, given your withholding of the tape, we are now concerned that you have failed to honor your discovery obligations in other ways. For example, it seems likely that the government's witnesses in this case have been arrested on occasions other than those relating to their involvement in this case. It also seems likely that the government is aware of drug use by its witnesses that has not involved the defendant. And yet we have received no information from you in either of those areas.

     We repeat that Giglio information includes, but is not limited to: (a) the witness' prior adult and juvenile criminal record (including pending cases); (b) any known instance of the witness having made a false statement, whether or not under oath, and whether or not an adjudication or finding of a false statement has been made; (c) any direct or implied promises of benefit or leniency in whatever form, known to have been made to a witness with respect to this or any other case; (d) all information (including but not limited to drug test results) related to the length and extent of the witness' addiction to or use of narcotic drugs or the witness' participation in a drug treatment program of any kind (including but not limited to the date of the alleged incident as well as any date on which the witness spoke with any government agent and/or provided grand jury testimony); (e) the name and address of any person(s) known to the government to whom the witness has made statements relating to the subjects of the indictment, which statements were inconsistent with statements made by the witness to law enforcement officers; (f) all information evidencing misconduct by, complaints of misconduct against, and disciplinary action taken against the witness; (g) all information arguably showing or tending to show that the witness has manufactured, falsified, or planted evidence, whether in physical or testimonial form, in connection with any criminal arrest or charge; and (h) all other information arguably supporting he proposition that a witness has a motive to lie against the defendant. If you have any

Sharon Marcus-Kurn, Esquire
February 9, 2006
Page 3

information regarding any of the above, please produce it immediately, or else inform us that you will not produce it and we need to seek the intervention of the Court.

On a separate issue, your discovery letter states that you plan on providing Jencks materials during jury selection "unless ordered by the Court to do so beforehand." As you are aware, the Court has already ordered you to produce <u>all</u> of K.H.'s statements 7 days in advance of trial, <u>i.e.</u>, on February 21, 2006. In our telephone conversation on Tuesday, you stated that you planned to provide us with only those statements that relate to alleged sex between K.H. and Mr. Brice. That position is inconsistent with Judge Collyer's Order. Please let us know what you intend on producing on Tuesday.

Please contact me as soon as possible regarding this letter. Thank you in advance.

Sincerely,

Jonathan S. Jeffress, Esq.
Shawn Moore, Esq.
Counsel for Mr. Jaron Brice
(202) 208-7500
(202) 208-7515 (fax)