UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.  05-0367 (RMC) |
| | : | |
| v. | : | |
| | : | |
| JARON BRICE | : | Trial Date: Feb. 21, 2006 |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR EMERGENCY STATUS HEARING**

    The United States of America, through its undersigned attorneys, hereby responds to the defendant Jaron Brice's Motion for Emergency Status Hearing.  In his motion, the defendant argues that evidence relating to A.I.'s prior history with prostitution, history that the government does not dispute, should be admissible at trial to prove the pandering count involving her (old Count Seventeen, new Count Thirteen).[1]  Brice further argues that the government has committed a violation of Brady v. Maryland, 373 U.S. 83 (1963), by failing to turn over a copy of a September 15, 2003, TV program the government once had in its possession that showed A.I. claiming that she had previously engaged in prostitution.  As discussed below, consent is not a defense to a D.C. pandering charge.  Thus, evidence that A.I. engaged in prostitution before or after she was with the defendant is irrelevant to the pandering charge and is not admissible at trial.  Because the evidence is irrelevant to the pandering charge, the government did not commit

---

    [1]      On February 13, 2006, the government notified Brice's attorneys that it intended to dismiss three counts in the Indictment, Counts Two, Three, and Ten.  The government has retyped and renumbered the Indictment and will provide a hard copy to the Court at the February 14, 2006, hearing.

a <u>Brady</u>[2] violation by not turning over a copy of the TV show or otherwise notifying defense counsel of A.I.'s prostitution history.

## DISCUSSION

Many women and young girls, for numerous reasons, become professional prostitutes. Whether out of economic desperation or emotional deprivation most of these women and children turn to "pimps" for guidance and protection. It is common for these pimps to offer illegal drugs, clothes, rides, hotel rooms and money, among other things, to compel performance. Tragically many of these relationships also involve physical and verbal abuse by the pimp. It is the pimp who recruits the females for prostitution, trains them how to become a prostitute for him, instructs them as to his particular rules, takes their money, disciplines them, controls them, and ensures that they comply with his various demands.

There are numerous federal and D.C. statutes that criminalize activity relating to prostituting and pimping. Typically, the person who causes a woman to prostitute on the occasion at issue, <u>i.e.</u>, the pimp, is charged with pandering under Title 22, D.C. Code Section 2705. That charge provides that "[a]ny person who...shall compel, induce, entice, or procure, or attempt to compel, induce, entice, or procure such individual to engage in prostitution...shall be punished by imprisonment for not more than 5 years and by a fine of not more than $1,000." The

---

[2] In <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), the Supreme Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." <u>Id.</u> at 87. Evidence is material if its suppression undermines confidence in the outcome of the trial. <u>Bagley v. United States</u>, 473 U.S. 667, 678 (1985), or, viewed retrospectively, evidence is material where there is a reasonable probability that, had the information been disclosed to the defense, the result of the proceeding would have been different. <u>Id.</u> at 682.

prostitute, herself, is typically charged with solicitation for prostitution.[3]

Although there are no cases that specifically address the issue whether consent is a defense to a charge of pandering under 22 D.C.C. § 2705, relevant federal case law and case law in other states that have pandering statutes similar to D.C.'s consistently hold that consent is not a defense to a pandering charge and provides support for the government's position.

To begin with, federal law provides that consent is not a defense to the federal pandering charge, a charge that is virtually identical to 22 D.C.C. § 2705. The federal pandering statute, part of the Mann Act, 18 U.S.C. § 2422(a), provides that "[w]hoever knowingly persuades, induces, entices, or coerces any individual to travel in interstate or foreign commerce...to engage in prostitution...or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both." While the District of Columbia criminalizes the inducement or compulsion of an individual to engage in prostitution, the Mann Act, specifically 18 U.S.C. § 2422(a), makes it a federal crime to use the channels of interstate commerce in connection with prostitution-related activity. This difference is irrelevant to the case at bar: the analysis of precluding consent as a defense is analogous. Statutory language, construction, and case law concerning the Mann Act highlight the persuasive notion that consent should disallowed as a defense in the District of Columbia as well.

The Mann Act has never, since its inception, provided for a defense of consent. Congress set out in the Mann Act to deal with cases which frequently, if not normally,

---

[3] Title 22, D.C.C. § 2701 (Inviting for purposes of prostitution prohibited) provides that "it shall not be lawful for any person to invite, entice, persuade, or address for the purpose of inviting, enticing, or persuading, any person or persons in the District of Columbia for the purpose of prostitution or any other immoral or lewd purpose," This crime is a misdemeanor.

involve consent and agreement on the part of the woman to the forbidden transportation. In every case in which she is not intimidated or forced into the transportation the statute necessarily contemplates her acquiescence. Gebardi v. United States, 287 U.S. 112, 121 (1932); see also United States v. Lowe, 145 F.3d 45 (1st Cir. 1998) ("Consent is a defense to kidnapping but not to a Mann Act charge."); United States v. Jones, 808 F.2d 561 (7th Cir. 1986); United States v. Pelton, 578 F.2d 701 (8th Cir. 1978) ("Consent is neither a defense to a violation charged under §2421 nor to a violation charged under §2422.").

In United States v. Pelton, 578 F.2d 701 (8th Cir. 1978), a professional prostitute agreed to travel from St. Louis, Missouri to Chicago to "work" a boat show pursuant to an agreement between her pimp and the boat company's sales representative. This prostitute also agreed and voluntarily traveled to Winnemucca, Nevada to work at a house of prostitution called Penny's Cozy Corner. Id. at 705. The pimp and the sales representative argued that their agreement regarding both trips was legal because the professional prostitute was predisposed and willing to go to Nevada to "work." Id. at 712. The court determined that the prostitute's consent was immaterial to the illegality of such agreement because consent is neither a defense to a violation charged under the Mann Act. Id.

The fact that many women and girls engaging in such activities are professional prostitutes and are willing parties underscores the importance of prohibiting consent as a defense. Allowing such a defense would permit many "pimps" to escape prosecution and therefore encourage this distasteful and dangerous practice.

Congress's conscious choice of language in the Mann Act underscores its intention to reach not only people who force a victim to travel, but also people who "entice," "induce,"

and "persuade" a victim. Each of these terms suggest a degree of voluntary choice on the victim's part. The D.C. Code Ann. §22-2705 uses nearly identical language.

Both the Mann Act and D.C. Code Ann. §22-2705 place importance on the defendant's conduct rather than the victim's state of mind. By making it a crime to "attempt" to induce an individual to engage in unlawful activity, the gravamen of the offense becomes the defendant's actions, not the issue whether the victim was actually compelled, induced, enticed or procured.

In addition, several states have ruled that consent is not a defense to its local pandering charge. See, e.g., Nation v. State of Indiana, 445 N.E.2d (Ind. 1983) (for a pandering charge, state must prove only that the defendant compelled the victim to prostitution; whether he induced her to prostitute for the first time is not at issue); People v. Hobson, 255 Cal.App. 557 (1967) (in a pandering case, consent or willingness of the female procured for a house of prostitution is immaterial); Beck v. State of Texas, 360 S.W. 2d 410, 413 (TX 1962) (consent of female was immaterial under pandering statute).

WHEREFORE, the United States respectfully requests that the Court find that consent is not a defense to the pandering count involving A.I. and that the government has not committed a Brady violation for not disclosing a copy of the September 2003 TV program where A.I. claims she is a prostitute.

Respectfully submitted,

KENNETH L. WAINSTEIN
D.C. Bar No. 451058
United States Attorney

By: _____
SHARON MARCUS-KURN
Assistant United States Attorney
AZ Bar No. 10970
555 4th Street, NW, Room 10-122
Washington, D.C. 20530
(202) 353-9462


By: _____
MYESHA BRADEN
Special Assistant United States Attorney
DC Bar No. 461485
555 4th Street, N.W.
Washington, D.C. 20530