UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : Criminal Case No. 1:05cr-00367-RMC |
| | : |
| vs. | |
| | : |
| JARON BRICE, | |
| | : |
| Defendant. | |

**GOVERNMENT'S NOTICE OF MENTAL HEALTH HISTORIES AND DRUG TREATMENT MODALITIES OF THE JUVENILE VICTIMS AND MOTION *IN LIMINE* TO EXCLUDE EVIDENCE**

In fulfillment of its obligation under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 1504, 154-55 (1972), the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby notifies the defendant of the mental health treatment histories of A.I. and K.H., the two juvenile victims in this case. Furthermore, the Government moves the Court *in limine* to exclude all testimony regarding this information or, in the alternative, to limit cross examination. In support of its motion, the government states as follows:

I.   DISCLOSURE

   A.   A.I.- The Government has learned that AI has been diagnosed with bipolar
        disorder and is currently being treated under the supervision of a physician with

1

the drugs Abilify[1] and Prozac[2].  Government has been informed that during the two years prior to her contact with the defendant, A.I. had been hospitalized on four occasions for suicidal ideation.  Two of these hospitalizations are believed to have been at Riverside and the Psychiatric Institute of Washington ("PIW").  The locations of the additional hospitalizations are not known to the Government and the government does not have any of her hospitalization records.  Upon information and belief, A.I.'s hospitalization at PIW occurred during the weeks immediately proceeding her contact with the defendant.

    B.    K.H- Pursuant to two reports given to the Court and the government in a <u>sealed</u> hearing, the Government learned that K.H. has been diagnosed with Depressive Disorder, NOS and Conduct Disorder, Adolescent onset type.  At her current location, she is currently being treated with the medication Prozac under the supervision of a physician.

## II.   ADMISSIBILITY

Based on the above disclosures, it is anticipated that the defendant may seek to admit testimony and records regarding the mental health histories and treatment of these juvenile victims.  However, evidence regarding mental illness is relevant only when it may reasonably cast doubt on the ability or willingness of a witness to tell the truth.  <u>United States v. Smith</u>, 77

---

[1] According to the 2005 Physician's Desk Reference ("PDR"), Abilify is " indicated for the treatment of schizophrenia."  The drug, "may have the potential to impair judgement, thinking or motor skills."

[2] According to the PDR, Prozac is indicated for the treatment of major depressive disorder.  The drug, "may impair judgement, thinking or motor skills."

F.3d 511, 516-17 (D.C. Cir. 1996).  See also United States v. Jiminez, 256 F.3d 330, 343-44 (5th Cir. 1001, *cert. denied*, 534 U.S. 1140 (2002) (in order for mental health records to be relevant, they must, "evince an 'impairment' of the witness's 'ability to comprehend, know, and correctly relate the truth.'" Courts have greater discretion in limiting admission of records and cross examination if the witness's mental health history is less severe).

According to the National Institutes of Mental Health, bipolar disorder can be associated with difficulty concentrating, remembering and making decisions.  As a result, testimony regarding this illness may be admissible Rule 402, Federal Rules fo Evidence.  However, there is no evidence to suggest that AI is suffering from any of these symptoms now, or that she suffered from them during her contact with the defendant.  Any relevance which information may have for impeachment purposes is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.  Therefore, any testimony or evidence regarding her diagnosis should be excluded pursuant to Rule 403, Federal Rule of Evidence.  See United States v. Gartman, 146 F.3d 1015, 1021 (D.C. Cir. 1998).  In the alternative, any line of questioning regarding these items should be specifically limited to impairment of her ability to remember the events in question.

Similarly, although the PDR suggests that the medications Prozac and Abilify may have the potential to affect thinking, there is no evidence or suggestion that the victims ever suffered from this potential side effect.  Therefore, any potential relevance of this information is severely outweighed by its prejudicial effect and should be excluded pursuant to FRE Rule 403.

Testimony and evidence regarding the medications used by the victims should also be excluded.  In the alternative, any testimony regarding the victims' use of these medications

should be specifically limited to their ability to understand the questions being presented to them.

III.     CONCLUSION

Any relevance of the mental health histories and current drug treatment modalities of the juvenile victims is substantially outweighed by its prejudicial effect.

WHEREFORE, the Government respectfully requests that this Court grant is Motion *in Limine* to Exclude Evidence. In the alternative, the Government requests that the Court limit cross examination regarding the mental health histories and current drug treatment modalities of the juvenile victims.

Respectfully submitted,
KENNETH L. WAINSTEIN
United States Attorney

BY: _____
SHARON MARCUS-KURN
Assistant United States Attorney
AZ Bar No. 10970
555 4th Street, N.W. Room 10-122
Washington, D.C. 20530
(202) 353-9462

BY: _____
MYESHA BRADEN
Special Assistant United States Attorney
DC Bar No. 461485
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-6037