**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| V. | ) | Cr. No. 05-00367 (RMC) |
| | ) | |
| JARON BRICE | ) | |
| _____ | ) | |

**DEFENDANT'S MOTION TO CONTINUE TRIAL**

Defendant Jaron Brice, through counsel, respectfully moves the Court to continue the trial, currently set for February 21, 2006, to a date convenient to the Court and the parties.

I.     CHARGES

Mr. Brice is currently charged with sex trafficking, transportation of minors for prostitution, transportation of a person for transportation, first degree child sexual abuse, and pandering.  The alleged victims are two female juveniles and one female adult.  The offenses are alleged to have occurred between  March 31, 2004, and May 17, 2005.

II.     BRADY DISCLOSURES

On February 14, 2006, one week before the trial was scheduled to commence, the government served on the defense a pleading entitled Government's Notice of Mental Health Histories and Drug Treatment Modalities of the Juvenile Victims and Motion *In limine* to Exclude Evidence.  In this pleading the government disclosed, for the first time[1], that one of the juvenile

---

[1] In a discovery letter dated January 6, 2006, counsel for the defendant requested, *inter alia*, "all results of physical or mental examinations relevant to this matter . . . which are in the government's possession, custody, or control, and the existence of which is known to the government or may become known through the exercise of due diligence."  Counsel also made a general *Brady v, Maryland*, 373 U.S. 83 (1963).

victims has been diagnosed with bipolar disorder and is being treated with the drugs Abilify and Prozac. This victim has bee hospitalized on four occasions for suicidal ideation. One hospitalization occurred during the weeks immediately preceding her alleged contact with the defendant, according to the government.

The pleading also disclosed that the second juvenile has been diagnosed with Depressive Disorder, NOS, and Conduct Disorder, and was being treated with Prozac. The government concedes that both Abilify and Prozac may have the potential or may impair judgment, thinking, or motor skills.

In addition to the disclosures, the government moved to preclude the defense from using the information or medical records with respect to these witnesses.

III.     THE FEBRUARY 14 HEARING

In court on February 14 on another discovery matter, the defense moved for a continuance based on the *Brady* disclosures. The defense again moves for a continuance and incorporates by reference the arguments made on February 14. The information disclosed by the government goes, at least with respect to the witness A.I., to her ability to concentrate, to remember, and to make decisions.[2]

Accordingly, the defense will not only wish to explore expert testimony concerning this condition, as well as confronting the witness with the evidence of her condition. However, this preparation cannot be effected in the time left before the trial. The government asserts, without all of the medical records, and without a factual predicate, that this witness is suffering from any of the

---

[2]Per the government's pleading: "According to the National Institutes of Mental Health, bipolar disorder can be associated with difficulty concentrating, remembering, and making decisions."

symptoms now or that she suffered from any during her alleged contact with Mr. Brice. This statement not only is unsupported; it also conflicts with the government's assertion that one hospitalization occurred during the weeks "immediately proceeding (sic) her contact with the defendant." Pleading at 2. It must be stressed that the issue is twofold: the alleged victim's condition at the time of the alleged events; and, the effect that the condition and treatment has on her when she testifies.

Similarly, the second victim has been diagnosed with depressive disorder, cannabis, alcohol, and hallucinogen abuse, and conduct disorder. The staff also notes as limitations poor insight, low trust level, and poor judgment. Counsel for the defendant do not have expertise in these issues, and initially need expert assistance for their implications. At least *ab initio* these diagnoses go to this witness' ability to perceive and judge events at the time the offenses here are alleged to have occurred and, with the medication involved, to the credibility of her testimony on the trial.[3]

Counsel for the defendant has been placed in the position of making arguments quickly,[4] without the benefit of legal research or the opportunity to file oppositions, and without medical or psychiatric expertise based on information provided yesterday. Additionally, the government makes the wholly unsatisfactory argument that defense counsel must attempt, in the next few days, to scramble to locate witnesses who might have observed the behavior of these two

---

[3] In a telephone conference on February 15, the Court indicated that the report with respect to this witness was partly crafted to assure her admission to a treatment facility. However, we note that the attending physician wrote as of November 22, 2005, that "the patient has had urges twice in the recent past to slit her wrist as well as had thoughts of wanting to strangle herself with either a shoestring or a belt." He added that the patient demonstrates impaired judgement and poor decision making skills in the past as well as poor impulse control."

[4] Indeed, LCrR47 allows 11 days (or at such other time as the Court may direct) for filing opposing point and authorities to a motion.

witnesses during the course of the offenses charged. While the government has had unlimited access to these witnesses, their records, their families and associates since the investigation and indictment of this matter, defense counsel has not, and cannot be expected to in five days.

IV.    <u>ARGUMENT</u>

Pursuant to the Sixth Amendment, Mr. Brice has the right to confront and cross examine witnesses. In *United States v. Smith,* 77 F.3d 511 (D.C. Cir. 1996) the Court reversed a conviction where the government failed to disclose *Brady* evidence and where the trial court refused to review certain medical records. Although the court here is reviewing the records with a psychologist, and not a psychiatrist, the discussion by the Court as to their usefulness is instructive, *to wit:*

> Federal courts often permit cross-examination regarding a witness' previous mental history, and may even allow extrinsic evidence such as hospital records to be used for impeachment purposes. (Citation omitted) Mental records can be material as impeachment evidence because they can cast doubt on the accuracy of a witness' testimony. *See, e.g. East v. Scott*, 55 F.3d 996, 1003 (5th Cir. 1995).

Smith was a case where the witness was hospitalized for chronic depression for 18 months and attended a mental health clinic thereafter.[5]

V.    <u>CONCLUSION</u>

The defendant will receive a fundamentally unfair trial under the current circumstances. The government's last minute disclosure puts Mr. Brice in an untenable situation. He cannot even properly respond to the government's motion without retaining an expert or experts; nor can he attempt to conduct a proper cross-examination. For the Court to grant the government's motion

---

[5]In that case, as well as here, the government argued that a patient suffering from depression might not be subject to symptoms that would cast doubt on his credibility. However the Court noted that that rule is not "a medically verifiable rule that can be asserted with confidence, given the widely varying forms of depression and vast array of accompanying symptoms.

4

without giving time to defendant to, *inter alia*, retain an expert or experts and adequately prepare

response on such a crucial issue violates defendant's Fifth and Sixth Amendment rights to a fair trial.

Respectfully submitted,

_____/s/_____
Shawn Moore
DC Bar #214171
Jonathan Jeffress
Assistant Federal Public Defenders
Attorneys for Jaron Brice
625 Indiana Avenue, NW
Suite 550
Washington, DC 20004
202/208-7500
Fax/208-7515

5