## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.  05-0367 (RMC)** |
| | : | |
| **v.** | : | |
| | : | |
| **JARON BRICE** | : | **Trial Date: Feb. 27, 2006** |

## JOINT PRETRIAL STATEMENT

The United States, by and through its attorney, the United States Attorney for the District of Columbia, and the defendant, Jaron Brice, through his attorneys, Shawn Moore and Jonathan Jeffress, Assistant Federal Public Defenders, respectfully makes this joint submission.  Unless otherwise noted, jury instructions are based on the correspondingly-numbered "Redbook" Instruction (Fourth Edition Revised, 2002).

Respectfully submitted,


By:     _____
        SHARON MARCUS-KURN
        Assistant United States Attorney
        MYESHA BRADEN
        Special Assistant United States Attorney
        555 4th Street, NW, Room 10-122
        Washington, D.C.  20530
        (202) 353-9462


By:     _____
_____     SHAWN MOORE, ESQ.
        JONATHAN JEFFRESS, ESQ.
        Counsel for Jaron Brice
        625 Indiana Avenue, NW Suite 550
        Washington, D.C.  20004
        (202) 208-7500

-1-

**A.**   <u>**Neutral Statement of Case**</u>

The defendant is Jaron Brice, also known as "Jay", also known as "Bird," also known as "Jay Bird" and also known as "Daddy."  He is charged with knowingly recruiting, enticing, harboring, transporting, providing, or obtaining by any means a minor under the age of 18, identified here only as K.H., knowing that she would be caused to engage in a commercial sex act, more specifically prostitution.  It is alleged that Mr. Brice used force, fraud, or coercion against Shakita Proctor, a 19-year-old adult, to cause her to engage in commercial sex acts.  It is further alleged that Mr. Brice transported K.H., and another minor under the age of 18, identified here only as A.I., and Shakita Proctor, an adult, for the purpose of engaging in prostitution.  Mr. Brice is also charged with placing, causing, inducing, or procuring K.H., A.I., and Shakita Proctor to engage in prostitution.   Finally, he is charged with engaging in sexual acts, both vaginal and oral, with K.H. and vaginal sex with A.I.

The activity at issue in the indictment is alleged to have occurred during the period from March 31, 2004, through May 17, 2005.  The activity at issue in the indictment is alleged to have occurred in the areas of 14th and K Street, NW, New York Avenue, NW, the 5900 block of 4th Street, NW, 49th and Quarles Street NW and other locations in Washington D.C., Maryland, New York, New York, and Miami, Florida.

**B.**  <u>**Proposed *Voir Dire* Questions**</u>

1.    The defendant in this case is charged with several offenses involving prostitution of an adult, prostitution of two juveniles, and child sexual abuse.  Does any member of the panel have beliefs about prostitution and/or child sexual abuse that would prevent him or her

from rendering a fair and impartial verdict based solely on the evidence in this case ?

2.      In this case, the evidence is likely to include explicit references to male and female genitalia and to explicit sexual acts.   Is here anyone who believes that he or she would be so embarrassed, uncomfortable, or offended by such evidence that he or she could not listen to it and give it the same consideration as any other evidence in the case?

3.      It is expected that during the course of this trial, you may hear the testimony of a fifteen-year-old girl and a seventeen-year-old girl about events that occurred in 2004 and 2005.  Is there anyone here who would not give a young person's testimony the same consideration given to any other witness?  Is there anyone here that believes young people tell lies about important matters more or less often than adult witnesses?

4.      In this case, there will be testimony and evidence about prostitution of adult and juvenile females.  Are there any members of the jury panel who believe that prostitution of minors or adults should be legalized?

5.      Do any of you believe that if a female, either over or under the age of 18, decides to work as a prostitution, that should be "her business" and not something that the criminal justice system should get involved in?

6.      It is expected that during the course of this trial, some of the witnesses will testify that they had been involved in prostitution, in other words taking money for sex.  Is there anyone who would not give that person's testimony the same consideration given to any other witness?

7.      Has your family or the family of a close friend or relative been affected by drugs or prostitution?

**C.  A List of Proposed Jury Instructions**

The Government proposed the following standard instructions from the Red Book, except where (*) noted:

1.02      -        Note taking by Jurors

1.03      -        Preliminary Instructions Before Trial

1.07      -        Question Not Evidence

1.16      -        Cautionary Instruction on Publicity

1.20      -        Questions by Jurors (if permitted by the Court)

1.21      -        Preliminary Instruction to Jury Where Identity of Alternates is Not

                    Disclosed

1.22      -        A Juror's Recognition of a Witness or Other Party Connected to the Case

*    The government requests that the Court instruct the jury prior to opening statements on the elements of the substantive offenses charged in the indictment.  The government's proposed instructions on those charges are set forth below.

## INSTRUCTIONS DURING TRIAL

The Government proposes the following standard instructions from the Red Book:

1.05     -     Cautionary Instruction Prior to First Recess

1.04A    -     Stipulation of Fact (if applicable)

1.04B    -     Stipulation of Testimony (if applicable)

1.08     -     Expert Testimony

1.10     -     Evaluation of Prior Inconsistent Statement of a Witness (if applicable)

1.11     -     Evaluation of Prior Consistent Statement of a Witness (if applicable)

1.12     -     Impeachment by Proof of Prior Crime - Witness (if applicable)

1.12A    -     Impeachment By Proof of Pending Case, Probation or Parole (if

               applicable)

1.15     -     Cautionary Instruction - Photographs of the Defendant (Alternative A)

2.51     -     Other Crimes Evidence.  Rather than giving either Instruction 2.51A
               (Evidence of Other Crimes Admitted to Show Motive, Identity or
               Common Scheme or Plan) or 2.51B (Evidence of Other Crimes Admitted
               to Show Intent/Absence of Mistake or Accident), and rather than giving an
               instruction applying Rule 413 of the Federal Rules of Evidence, the
               government proposes the following modified version of Instructions 2.51A
               and 2.51B:

You have heard evidence that the defendant allegedly engaged in sexual acts with K.H.

outside the District of Columbia, engaged in sexual acts with another minor, referred to at

trial as H.H., and transported females other than those who are named (with either their full

name or with their initials) in the indictment.  It is up to you to decide whether to accept that

evidence.

If you decide to accept some or all of this evidence you may, if you choose, use that evidence for one or more of several permissible purposes. First, you may use such evidence to help you complete the story of the crimes alleged in the indictment. For example, with respect to the prostitution counts relating to K.H., Counts One, Three, and Four, you may, if you choose, use this evidence to assist you in understanding if and how the defendant was able to allegedly cause K.H. to engage in prostitution. Second, you may use such evidence to help you decide whether the defendant acted with a criminal knowledge and intent with respect to the charges that are contained in the indictment. For example, with respect to Counts One through Five of the indictment, in which the defendant is charged with Sex Trafficking of Children (K.H.) and Transportation of Minors (K.H. and A.I.) for Prostitution, you may, if you choose, use any evidence that the defendant allegedly engaged in sexual acts with K.H. outside the District of Columbia and allegedly transported one minor and other female adults to help you determine whether the government has proven beyond a reasonable doubt that the defendant had the intent to recruit, entice, harbor, transport, provide and/or obtain K.H. and/or AI. to engage in prostitution when he allegedly transported them in interstate commerce. Similarly, with respect to Counts Six and Seven in which the defendant is charged with Transportation of a Person for Prostitution, you may use any such evidence of alleged transportation of other females for purposes of prostitution to help you determine whether the defendant's intent in allegedly transporting Shakita Proctor in interstate commerce was that Shakita Proctor engage in prostitution.

In addition, you may consider any evidence that the defendant allegedly engaged in sexual acts with K.H. outside of the District of Columbia and/or that he engaged in sexual acts with

H.H. to help you consider whether the defendant engaged in a pattern of sexual abuse with K.H. You may also consider the evidence of allegedly having sex with H.H. and causing other females to engage in prostitution to help you decide whether the defendant engaged in a scheme or plan to transport the individuals identified in the indictment for prostitution, as alleged in the indictment, and/or whether the defendant utilized a similar modus operandi in luring and enticing different females into engaging in prostitution as alleged in the indictment. In addition, you may use such evidence to help you decide whether the defendant had a motive to commit the crimes with which he is charged in the indictment and whether he acted knowingly when he allegedly committed the acts with which he is charged in the indictment. Finally, to the extent that you perceive any distinctive or unusual similarities between the testimony of any of the witnesses regarding the defendant's alleged transportation of individuals for purposes of prostitution, you may consider such similarity, to the extent that you believe it is relevant, in assessing the credibility of those witnesses.

You must remember, however, that the defendant is not charged in this case with any offenses other than those which are contained in the indictment. You may not use any evidence of the defendant's alleged criminal activity with individuals noted named in the indictment to conclude that the defendant has a bad character, or that the defendant has a criminal personality. The law does not allow you to convict a defendant simply because you believe he may have done bad things not specifically charged as crimes in this case. Therefore, you may not consider any evidence of any alleged prior bad acts by the defendant and conclude that, just because he may have committed those prior bad acts, he must have committed the acts charged in the indictment as well. You are to use any evidence of any

alleged prior bad acts only for the appropriate purposes that I have described in order to help you determine whether the government has proven beyond a reasonable doubt the charges contained in the indictment.

## FINAL INSTRUCTIONS PRIOR TO CLOSING ARGUMENTS (Standard)

2.01    -    Function of the Court

2.02    -    Function of the Jury

2.03    -    Jury's Recollection Controls

2.04    -    Evidence in the Case (including bracketed material regarding stipulated facts and testimony, if applicable)

2.05    -    Statements of Counsel

2.06    -    Indictment Not Evidence

2.07    -    Inadmissible and Stricken Evidence (if applicable)

2.08    -    Burden of Proof -- Presumption of Innocence

2.09    -    Reasonable Doubt

2.10    -    Direct and Circumstantial Evidence

2.11    -    Credibility of Witnesses

2.13    -    Number of Witnesses

2.14    -    Nature of Charges Not to be Considered

2.23    -    Testimony of an Immunized Witness (if applicable)

2.26    -    Police Officer's Testimony

2.27    -    Failure of Defendant to Testify (if applicable)

2.28    -    Defendant as Witness (if applicable)

2.51    -    Other Crimes Evidence*

The government requests that the Court repeat the government's proposed other crimes instruction, set forth above.

2.52    -    Multiple Counts - One Defendant

-9-

## FINAL INSTRUCTIONS PRIOR TO CLOSING ARGUMENTS

### (Substantive Offenses)

**SUBSTANTIVE OFFENSE - COUNTS ONE AND TWO**

There is no Red Book Instruction for the offense of Sex Trafficking of Children (Count One) or Sex Trafficking by Force, Fraud or Coercion (Count Two) (both under 18 U.S.C. § 1591).  The government proposes the following instructions:

## SEX TRAFFICKING OF CHILDREN  - COUNT ONE

### 18 U.S.C. § 1591

Count One charges the defendant with recruiting, enticing, harboring, transporting, providing, or obtaining K.H., in or affecting interstate commerce, while knowing that K.H. had not attained the age of 18 years and knowing that K.H. would be caused to engage in a commercial sex.

The essential elements of the offense of Sex Trafficking of Children, each of which the government must prove beyond a reasonable doubt, are:

| | |
|---|---|
| <u>First</u>: | That the Defendant knowingly recruited, enticed, harbored, transported or obtained K.H. whom the Defendant knew would be caused to engage in a commercial sex act, as that term will be defined for you; |
| <u>Second</u>: | That the Defendant also knew that K.I. was under 18 years of age; <u>and</u> |
| <u>Third</u>: | That the offense was in or affecting interstate commerce. |

## SEX TRAFFICKING BY FORCE, FRAUD, OR COERCION

## 18 U.S.C. § 1591

Count Two charges the defendant with recruiting, enticing, harboring, transporting, providing, or obtaining Shakita Proctor, in or affecting interstate commerce, while knowing that Shakita Proctor would be caused to engage in a commercial sex act and knowing that force, fraud, or coercion would be used.

The essential elements of the offense of Sex Trafficking by Force, Fraud, or Coercion, each of which the government must prove beyond a reasonable doubt, are:

First:      That the Defendant knowingly recruited, enticed, harbored, transported or obtained Shakita Proctor whom the Defendant knew would be caused to engage in a commercial sex act, as that term will be defined for you;

Second:   That the defendant knew that force, fraud, or coercion would be used to cause Shakita Proctor to engage in a commercial sex act; and

Third:     That the offense was in or affecting interstate commerce.

I will instruct you on the meaning of the word "knowingly." The word "knowingly" means that the Defendant was conscious and aware of his action and did not act because of ignorance, mistake or accident.[1]

The government must prove that the Defendant knew that the person recruited, enticed, harbored, transported or obtained, K.H. and Shakita Proctor, would be caused to engage in a commercial sex act. While it is not necessary for the Defendant to be the one to cause the

---

[1]O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, sec. 17.04 (5th Ed. 2000).

-12-

person to engage in a commercial sex act, the government must prove beyond a reasonable

doubt that the Defendant knew that the person would be caused to engage in such an act.

For Count One, the government is not required to prove that the defendant acted with

force, fraud, or coercion; the government need only prove that the defendant knew that K.H.

was under 18 years of age.  Also, you may find the Defendant guilty of Count One even if

you find that K.H. consented to the commercial sex act at issue.[2]

With regard to the second element in Count Two, the terms "force" and "fraud" have

their common meaning.  "Coercion" means threats of serious harm to or physical restraint

against any person; or any scheme, plan, or pattern intended to cause a person to believe that

failure to perform an act would result in serious harm to or physical restraint against any

person.[3]  If K.H. and/or Shakita Proctor were threatened or made to suffer certain

consequences in connection with prostituting for the defendant, either as punishment or to

create a climate of fear that overcame her will and compelled her service, that may be

sufficient to establish the "force, fraud, or coercion" element of this charge.[4]  Similarly, the

---

[2]18 U.S.C. 1591(a).

[3]18 U.S.C. § 1591(c)(2).

[4]U.S. v. Alzanki, 54 F.3d 994, 999 (1st Cir. 1995) (noting, in describing the facts, that "[t]he climate of fear was enhanced by [the victim's] witnessing one incident involving [her employer's] physical abuse of [his wife], and by learning from [the wife] that [the employer] struck [her] again shortly thereafter."); United States v. King, 840 F.2d 1276, 1281 (6th Cir. 1988) (force, threats, and other coercion created "pervasive climate of fear"); United States v. Warren, 772 F.2d 827, 833-34 (11th Cir. 1985) (finding "grotesque" the "use, or threatened use, of physical force to create a climate of fear"); United States v. Harris, 701 F.2d 1095, 1100 (4th Cir. 1983) (evidence that defendant beat people other than victim relevant because it contributed to a "reign of physical terror"); United States v. Booker, 655 F.2d 562, 566 (4th Cir. 1981) (assaults and threats created "climate of fear").

fact that a person may have had an opportunity to escape is irrelevant if the Defendant or anyone acting in concert with her, using force, fraud or coercion, made the victim reasonably believe she could not leave. A victim who reasonably believes she cannot leave is under no affirmative duty to try to escape.

The term "commercial sex act" means any sex act, on account of which anything of value is given to or received by any person.[5] It is not necessary that the government prove that the defendant, or even the victim, gave or received the thing of value, but the government must prove beyond a reasonable doubt that something of value was given or received to or by somebody, on account of the sex act. In the District of Columbia, the term "sexual acts" includes the penetration, however slight, of the anus or vulva of another by a penis and also any contact between the mouth and the penis or the mouth and the vulva.

I instruct you that the word "value" is not limited to pecuniary gain. Money need not be involved in order for you to find that value was given or received on account of the sex act. However, you must find beyond a reasonable doubt that *something* of value was involved.[6]

With regard to the third element, that the offense occurred in or affecting interstate commerce, I instruct you that the term "interstate commerce" means trade, transactions, transportation or communication between any point in a state and any place outside that state or between two points within a state through a place outside the state.[7] The phrase "in

---

[5]18 U.S.C. 1591(c).

[6]Cf. U.S.S.G. 2G2.2 Application Notes 1 (2001 Edition); U.S. v. Simmonds, 262 F.3d 468, 471 (5th Cir. 2001).

[7]Federal Criminal Jury Instructions, 7th Circuit § 1957.

interstate commerce" applies only to activities that cross state lines.  The phrase "affecting

interstate commerce" applies to activities that demonstrate a connection or link to such

commerce.  It is not necessary for the government to prove that the defendant knew or

intended that his conduct would affect commerce; it is only necessary that the natural

consequences of his conduct affected commerce in some way.

**SUBSTANTIVE OFFENSE - COUNTS THREE, FOUR, AND FIVE**

There is no Red Book Instruction for the offense of Transportation of Minors for

Prostitution (18 U.S.C. § 2423(a)).  The government proposes the following instruction:

**TRANSPORTATION OF MINORS FOR PROSTITUTION**

**COUNTS THREE, FOUR, AND FIVE**

**18 U.S.C. § 2423(a)**

Counts Three and Four charge the defendant with transporting K.H. across state lines and Count Five charges the defendant with transporting A.I. across state lines for the purpose of prostitution.

The essential elements of Transportation of Minors for Prostitution, each of which the government must prove beyond a reasonable doubt, are:

First:     That the Defendant knowingly transported an individual from one state into another state;

Second:    That the Defendant did this with the intent that the individual transported engage in prostitution; and

Third:     That the individual transported was under the age of eighteen at the time.[8]

With respect to the first element, Count Three charges the defendant with transporting K.H. from the District of Columbia to Maryland or from Maryland to the District of Columbia. Count Four charges the defendant with transporting K.H. from the District of Columbia to New York, New York. And Count Five charges the defendant with transporting A.I. from the District of Columbia to Maryland or from Maryland to the District of Columbia.

The phrase, "transport an individual in interstate commerce," means to move or carry

_____

[8]Ninth Circuit Manual of Model Jury Instructions § 8.162 (modified).

someone, or to cause someone to be moved or carried, from one state to another state.[9]

With respect to the third element I just described to you, the government does <u>not</u> have to prove that the Defendant knew that the individual he transported across state lines was under the age of eighteen at the time she was transported in order for you to find the Defendant guilty of Counts Three through Five.  In other words, the Defendant's knowledge of the age of the individual he transported is not part of the proof required of the government in order to sustain a conviction on Counts Three through through Five of the indictment.  Furthermore, that the Defendant may have been mistaken about, or ignorant of the age of the transported individual is not a defense.  The law places the risk of such a mistake or ignorance on the Defendant.[10]

---

[9]Adapted from Edward J. Devitt <u>et al</u>., <u>Federal Jury Practice and Instructions</u> § 51-04.

[10]<u>See</u>, <u>e.g.</u>, <u>United States v. Hamilton</u>, 456 F.2d 171, 172-73 (3d Cir. 1972) (although § 2423 provides more severe sentence when girl transported is under eighteen, "knowledge that the girl is under eighteen . . . is not part of the proof requisite by the Government in order to sustain a conviction"); <u>accord</u>, <u>United States v. Scisum</u>, 32 F.3d 1479, 1485-86 (10th Cir. 1994).

**SUBSTANTIVE OFFENSES - COUNTS SIX AND SEVEN**

There is no Red Book Instruction for the offense of Transportation of an Individual for

Prostitution (18 U.S.C. § 2421).  The government proposes the following instruction:

### TRANSPORTATION OF INDIVIDUAL

### FOR PROSTITUTION

### 18 U.S.C. § 2421

Counts Six and Seven charge the defendant with transporting Shakita Proctor across state lines for the purpose of prostitution.

The essential elements of Transportation of Individual For Prostitution, each of which the government must prove beyond a reasonable doubt, are:

First:        That the Defendant knowingly transported an individual in interstate

commerce; and

Second:        That, at the time of such transportation, the Defendant intended that

the individual so transported would engage in prostitution.[11]

---

[11]Adapted from O'Malley, Grenig & Lee, Federal Jury Practice and Instructions § 60.03 (5th ed. 2000).

## ADDITIONAL INSTRUCTIONS - DEFINITIONS AND PROOF - COUNTS THREE THROUGH SEVEN

### "ENGAGE IN PROSTITUTION"

### FAILURE TO ACCOMPLISH INTENDED ACTIVITY IMMATERIAL

It is no defense to the charges of transporting a minor or an adult (Counts Three through Seven) in interstate commerce for prostitution, that the prostitution which may have been intended by the Defendant was not accomplished.

In other words, it is not necessary for the government to prove that anyone, in fact, engaged in any prostitution.

The offenses charged in Counts Three through Seven of the Indictment are complete if the government proves, beyond a reasonable doubt, that the minor or adult identified in the particular count was knowingly transported across state lines by the Defendant and that the Defendant intended at the time of the travel or transportation that the minor or adult would engage in prostitution.[12]

---

[12]Adapted from Edward J. Devitt et al., Federal Jury Practice and Instructions, No. 51-06.

## ADDITIONAL INSTRUCTIONS - DEFINITIONS AND PROOF - COUNTS ONE THROUGH SEVEN

### DEFINITION OF "STATE"

For purposes of Counts One through Seven, the District of Columbia can be considered a "state" for purposes of these counts.

## PROSTITUTION:  CONSENT NOT A DEFENSE

With regard to Counts Three through Seven, whether or not the individual or minor mentioned therein consented to being transported or to traveling in interstate commerce for the purpose of prostitution, or otherwise voluntarily participated, is irrelevant, as the consent or voluntary participation of the individuals or minors is not a defense to those charges.[13]

---

[13] U.S. v. Lowe, 145 F.3d 45, 52 (1st Cir. 1998)(Consent is not a defense to a charge of violating the Mann Act.); see also Hattaway v. U.S., 399 F.2d 431,433 5th Cir. 1968)("consent to be transported in interstate commerce . . .is no defense to a Mann Act charge.")

## ADDITIONAL INSTRUCTIONS - DEFINITIONS AND PROOF COUNTS ONE THROUGH SEVEN

## _____REQUIRED INTENT – "ENGAGE IN PROSTITUTION"

In order to sustain its burden of proof under Counts One through Seven of the Indictment, the government must prove beyond a reasonable doubt that it was part of the Defendant's conscious purpose to have the female identified in the particular count engage in prostitution. It need not have been his only purpose or motivation. A person may have several different purposes or motives for such actions and each may prompt, in varying degrees, the act.

The government must prove beyond a reasonable doubt, however, that one of the dominant purposes of the Defendant's acts was to have the individual engage in prostitution.

Intent involves the state of a person's mind. The intent with which an act is done is often more clearly and conclusively shown by the act itself, or by a series of acts, than by words or explanations of the act uttered long after its occurrence. Accordingly, intent is usually established by surrounding facts and circumstances as of the time the acts in question occurred or the events took place, and the reasonable inferences to be drawn from them.[14]

_____

[14]Adapted from the charge of the Honorable Jed S. Rakoff in United States v. Miller, 96 Cr. 412 (JSR) (S.D.N.Y. 1997), aff'd, 148 F.3d 207 (2d Cir. 1998); Edward J. Devitt et al., Federal Jury Practice and Instructions, § 51-07; and L. Sand, Modern Federal Jury Instructions, § 6-17. See also Forrest v. United States, 363 F.2d 348 (5th Cir. 1966) (a conviction under the Mann Act does not require that the sole and single purpose of the transportation be for immoral purposes; it is enough that one of the dominant purposes was prostitution); United States v. Campbell, 49 F.3d 1079 (5th Cir. 1995 (a trip can have more than one purpose as long as one of the motivating purposes is prostitution).

**SUBSTANTIVE OFFENSE - COUNTS EIGHT THROUGH ELEVEN**

**4.62 (Modified)**

Counts Eight through Eleven charge the defendant with First Degree Child Sexual Abuse. Counts Eight through Ten involve K.H. and Count Eleven involves A.I.

The essential elements of the offense of first degree child sexual abuse, each of which the government must prove beyond a reasonable doubt are:

1.    That the defendant engaged in a sexual act with the minor at issue in the particular count, as I will define "sexual act" in a moment;

2.    That at the time of the incident at issue in the particular count, K.H. or A.I. was under the age of 16 years; and

3.    That the defendant was more than four years older than K.H. and A.I.

As to the definition of "sexual act," Count Eight and Eleven alleges that the defendant put his penis in K.H.'s or A.I.'s vulva, that is, the external parts of the female sex organ.   To establish that the defendant put his penis in either K.H. or A.I.'s vulva, any penetration, however slight, is sufficient.  The emission of semen is not required for this crime to be complete.

As to the definition of "sexual act" for Count Nine, alleges that the defendant placed his mouth on K.H.'s vulva.

As to the definition of "sexual act" for Count Ten, alleges that the defendant caused K.H. to put her mouth on his penis.

Consent is not a defense to the charge of first degree sexual abuse.  You should not consider any evidence that has been presented on the issue of consent when deciding whether

-25-

the defendant is guilty or not guilty of first degree child sexual abuse.

It is also not a defense to child sexual abuse that the defendant mistakenly believed that K.H. or A.I. was sixteen years of age or older or that the defendant mistakenly believed that he was less than four years older than K.H. or A.I. Any testimony with respect to these issues is irrelevant, and you should disregard it in determining whether the defendant is guilty or not guilty of this offense.

**SUBSTANTIVE OFFENSES - COUNTS ELEVEN THROUGH THIRTEEN**

There is no Red Book Instruction for the offense of Pandering (22 D.C.C. § 2705). The government proposes the following instruction:

## PANDERING

### 22 D.C.C. § 2705

Counts Eleven through Thirteen charge the defendant with the Pandering.

The essential element of Pandering, which the government must prove beyond a reasonable doubt, is:

On or about the date alleged in the Indictment, the defendant placed, caused, induced, procured, or compelled, or attempted to place, cause, induce, procure, or compel the individual identified in the Indictment to engage in Prostitution.

---

## "PROSTITUTION" - DEFINED

___Counts One through Seven, and Counts Twelve through Fourteen of the Indictment use the word "prostitution."  You are instructed that "prostitution" means the engaging, agreeing to engage, or offering to engage in sexual acts or contacts with another person in return for a fee."[15]   "Sexual act" is defined as  the penetration, however slight, of the anus or vulva of another by a penis and also any contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus.[16]  "Sexual contact" means the touching with any clothed or unclothed body part or any object, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with the intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.[17]

---

[15] 22 D.C.C. § 22-2701.1 (2001 ed.).

[16]  22 D.C.C. § 3001(8).

[17]  22 D.C.C. § 3001(9).

## FINAL INSTRUCTIONS AFTER CLOSING ARGUMENTS

2.71     Election of a Foreperson

2.72     Unanimity of Verdict

2.73     Exhibits During Deliberations

2.74     Possible Punishment Not Relevant

2.75     Communications Between Court and Jury During Jury's Deliberations

2.76     Furnishing the Jury with a Copy of the Instructions (if applicable)

D.  A List of Expert Witnesses

For the United States:

Lois Lee, Ph.D. - Will testify as to the *modus operandi* of pimps, including the recruitment of prostitutes, methods used to establish power and control over prostitutes, the relationship between a pimp and his prostitutes, and the nature of the pimp/prostitution "game."   The government expects that Dr. Lee's testimony will focus on the following areas: 1) strategies pimps use to recruit and manipulate young women to get them involved in prostitution, 2) the emotional, psychological, and physical (including violence and threats of violence) tools pimps use to control the prostitute and ensure compliance with their demands, 3) the instructions pimps give to the prostitutes regarding their interaction with other prostitutes, other pimps, customers (Johns), and police, 4) the methods by which pimps cause prostitutes to feel that they are dependent upon him so that the prostitutes give the pimp all of the money earned, agree to have sex with the pimp, does not leave the pimp, etc., and 5) the street vernacular that pimps and prostitutes use.  In addition to her testimony regarding the *modus operandi* of pimps, Dr. Lee will also offer her opinion about why pimps are able to

exploit and manipulate children into a life of prostitution and why pimps are especially able to create dependency on the part of the child victim.

E.  <u>Motions In Limine</u>

(a) Government's Supplemental Motion *In Limine* To Admit Other Act Evidence

F.  <u>A List of Exhibits</u>

1.  Black dress

2.  ALDO shoes

3.  Cherry top

4.  Jeans skirt

5.  Black skirt

6.  Jeans shorts

7.  Jean skirt (second pair)

8.  Dress

9.  Fish net top

10. White top

11. Black/red dress

12. Black dress

13. Black dress

14. Blue dress

15. Red dress

16. Nokia cell phone

17. Charger for Nokia cell phone

18. 5/8/05 receipt

19. Hotel key for room 401

20. Hotel key for the Golden Sands Hotel

21. Business card for La Vue Optical

22. Business card for Jay Lash Photography and Modeling

23. Business card for Mythik World Records

24. Cosmetic Diamond necklace

25. Complaint/arrest affidavit for 3/15/05 arrest of Shakita Proctor

26. Vagabond Motel receipt

27. Business card for Alexander Garcia

28. Business card for Galeano Remodeling

29. Business card for Ebony Promotions and Photography

30. Business card for So Be Live

31. Black Motorola cell phone

32. Boost Mobile phone

33. Gray walkie talkie phone

34. Picture phone

35. Assorted color condoms

36. Magazine

37. Wig

38. Arrest photo of K.H.

39. Arrest photo of K.H.

40. Picture of Shakita Proctor before October 2004

41. Current picture of Shakita Proctor

42. Picture of A.I.

43. Photospread shown to K.H.

44. Photospread shown to Shakita Proctor

45. 5/12/04 record from the Budget Motor Inn

46. 5/25/04 record from the Budget Motor Inn

47. 5/26/04 record from the Budget Motor Inn

48. 5/27/04 record from the Budget Motor Inn

49. 5/28/04 record from the Budget Motor Inn

50. 6/1/04 record from the Budget Motor Inn

51. 6/2/04 record from the Budget Motor Inn

52. 6/3/04 record from the Budget Motor Inn

53. 6/4/04 record from the Budget Motor Inn

54  6/5/04 record from the Budget Motor Inn

55. 6/8/04 record from the Budget Motor Inn

56. Photo of Jaron Brice's tattoo

57. Photo of Jaron Brice's tattoo

58. Photo of Jaron Brice's tattoo

59. Photo of Jaron Brice's tattoo

60. Photo of Jaron Brice's tattoo

61. Photo of Jaron Brice's tattoo

62. Photo of Jaron Brice's tattoo

63. Photo of Jaron Brice's tattoo

64. Photo of K.H.'s stomach tattoo

65. Photo of K.H.'s neck tattoo

66. Photo of K.H.'s buttocks tattoo

67. Photo of K.H.'s back tattoo

68. picture from disposable camera - Shakita Proctor

69. picture from disposable camera - Shakita Proctor

70. picture from disposable camera - Vagabond hotel

71. picture from disposable camera - Shakita Proctor

72. picture from disposable camera - Jaron Brice

73. Maryland temporary registration certificate for 1991 Chevy

74. Auto insurance

75. D.C. Superior Court Family Division Paternity Petition

76. D.C. Superior Court notice of Paternity hearing

77. CSOSA Letter to Jaron Brice

78. Virginia Police Department Validation of Stolen Property

79. DC Registered owner information

80. DC DMV Collection Warning Notice

81. DC DMV Notice of Unsatisfied parking tickets

82. Letter to Jaron Brice from Asset Acceptance LLC

83. FBI FD-192

84. FBI FD-192 (chain of custody)

85. FD-302 for a Grey i205 Motorolla Phone

86. FD-302 for a black Nextel i205 "BOOST" Mobile Cellular Phone

87. FD-302 for a black Motorolla 8205 "BOOST" Mobile Cellular Phone

88. FBI FD-302 for Grey Samsung Digital Dual Band Camera Cell Phone

89. Photo of Budget Inn sign, Washington, D.C.

90. Photo of Budget Inn parking lot

91. Photo of Room 246 of Budget Inn

92. Photo of Budget Inn (outside room)

93. Photo of Budget Inn

94. Photo of Budget inn parking lot (second picture)

95. Photo of President Inn

96. Photo of Street view of the President Inn

97. Photo of Travel Lodge and Day's Inn sign on New York Avene

98. Photo of parking lot of Travel Lodge

99. Photo of Day's Inn sign on New York Avenue

100.    Photo of Day's Inn parking lot on New York Avenue

101.    Photo of Super 8 Motel sign on New York Avenue

102.    Photo of parking lot of Super 8 Motel on New York Avenue

103.    Photo of Hampton Park Blvd sign in Capitol Heights, Maryland

104.    Photo of Comfort Inn in Capitol Heights, Maryland

105.    Photo of Motel Six in Capitol Heights, Maryland

106.     Photo of outside of Motel Six in Capitol Heights, Maryland

107.     Photo of Hampton Park Blvd and Central Avenue

108.     Photo of Ramada Limited in Silver Spring, Maryland

109.     Photo of Ramada Limited in Silver Spring, Maryland

110.     Photo of Days's Inn, Silver Spring, Maryland

111.     Photo of the street outside of the Day's Inn and the Travel Lodge in Silver Spring,

         Maryland

112.     Photo of Day's Inn underpass

113.     Photo of Travel Lodge and Subway sign

114.     Photo of Travel Lodge lobby

115.     Photo of the street outside Courtyard Marriott in Silver Spring, Maryland

116.     Photo of the Courtyard Marriott in Silver Spring, Maryland

117.     Photo of the Crowne Plaze in Silver Spring, Maryland

118.     Photo of 5913 and 5913 4th Street, NW, Washington, D.C.

119.     Photo of the back of 5913 4th Street, NW, Washington, D.C.

120.     Photo of closeup of a vehicle parked at 5913 4th Street, NW, Washington, D.C.

121.     Photo of 49th and Quarles Street, NE, Washington, D.C.

122.     Photo of Eastern Avenue, Washington, D.C.

123.     Photo of 49th and Quarles Street, NE, Washington, D.C.

124.     Photo of Eastern Avenue, Washington, D.C.

125.     Photo of Eastern Avenue, Washington, D.C.

126.     FBI FD-302 (dated 2/15/06)

127.    Leather coat

128.    Fur coat

129.    Photo of 49th and Quarles Street, NE, Washington, D.C.

130.    Photo of Eastern Avenue

131.    Photo of playground

132.    Photo of 49th and Quarles Street,, NE, Washington, D.C.

133.    Photo of hill


G.  Stipulations

H.  A Proposed Verdict Form

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**     :     **CRIMINAL NO.  05-0367 (RMC)**

                    : 

            **v.**                : 

                    : 

**JARON BRICE**               : 

## JURY VERDICT FORM

## COUNT ONE

With respect to the charge of Sex Trafficking of K.H., we the jury find the defendant:

_____ Guilty                            _____ Not Guilty

## COUNT TWO

With respect to the charge of Sex Trafficking of Shakita Proctor by Force Fraud, or Coercion, we the jury find the defendant:

_____ Guilty                            _____ Not Guilty

## COUNT THREE

With respect to the charge of Transporting K.H., a minor, from Maryland to the District of Columbia or from the District of Columbia to Maryland, for prostitution, we the jury find the defendant:

-38-

_____ Guilty                          _____ Not Guilty

## COUNT FOUR

With respect to the charge of Transportation of K.H., a minor, from the District of Columbia to New York, for prostitution, we the jury find the defendant:

_____ Guilty                          _____ Not Guilty

## COUNT FIVE

With respect to the charge of Transportation of A.I., a minor, from the District of Columbia to Maryland or from Maryland to the District of Columbia, we the jury find the defendant:

_____ Guilty                          _____ Not Guilty

## COUNT SIX

With respect to the charge of Transportation of Shakita Proctor from the District of Columbia to Maryland or from Maryland to the District of Columbia, we the jury find the defendant:

_____ Guilty                          _____ Not Guilty

**COUNT SEVEN**

With respect to the charge of Transportation of Shakita Proctor from the District of Columbia to Florida for prostitution, we the jury find the defendant:

_____ Guilty                                        _____ Not Guilty

**COUNT EIGHT**

With respect to the charge of First Degree Sexual Abuse, penetration of K.H.'s vulva with the defendant's penis, we the jury find the defendant:

_____ Guilty                                        _____ Not Guilty

**COUNT NINE**

With respect to the charge of First Degree Sexual Abuse, contact between K.H.'s vulva and the defendant's mouth, we the jury find the defendant:

_____ Guilty                                        _____ Not Guilty

**COUNT TEN**

With respect to the charge of First Degree Sexual Abuse, contact between the defendant's penis and K.H.'s mouth, we the jury find the defendant:

_____ Guilty                                        _____ Not Guilty

**COUNT ELEVEN**

With respect to the charge of First Degree Sexual Abuse, penetration of A.I.'s vulva with the defendant's penis, we the jury find the defendant:

_____ Guilty                 _____ Not Guilty

**COUNT TWELVE**

With respect to the charge of Pandering of K.H., we the jury find the defendant:

_____ Guilty                 _____ Not Guilty

**COUNT THIRTEEN**

With respect to the charge of Pandering of A.I., we the jury find the defendant:

_____ Guilty                 _____ Not Guilty

**COUNT FOURTEEN**

With respect to the charge of Pandering of Shakita Proctor, we the jury find the defendant:

_____ Guilty                 _____ Not Guilty

_____
 FOREPERSON

_____
        DATE

-41-

Respectfully submitted,


By: _____

SHARON MARCUS-KURN
Assistant United States Attorney
555 4th Street, NW, Room 10-122
Washington, D.C.  20530
(202) 353-9462



By: _____

MYESHA BRADEN
Special Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530



By: _____

SHAWN MOORE, ESQ.
Assistant Federal Public Defenders
Counsel for Jaron Brice
625 Indiana Avenue, N.W. Suite 550
Washington, D.C.   20004



By: _____

JONATHAN JEFFRESS, ESQ.

Assistant Federal Public Defenders
Counsel for Jaron Brice
625 Indiana Avenue, N.W. Suite 550
Washington, D.C.   20004