UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | |
|      ) | |
|      Plaintiff,     ) | |
|      ) | |
| v.     ) | Crim. No. 05-367 (RMC) |
|      ) | |
| JARON BRICE,     ) | |
|      ) | |
|      Defendant.     ) | |

**DEFENDANT JARON BRICE'S MOTION FOR
ALTERNATIVE PRESENTENCE REPORT CALCULATION**

Mr. Jaron Brice, the defendant, through undersigned counsel, respectfully submit this motion for an alternative presentence report calculation. Specifically, defendant requests that the Court enter the attached Order requesting that the United States Probation Office produce an alternative PSR calculation that calculates defendant's offense level without relying on acquitted conduct or conduct that was never presented to the jury. Defense counsel respectfully submit that an alternative calculation will assist the Court and the parties in narrowing the sentencing issues in this case and will contribute to judicial efficiency at sentencing.

In support of this motion, counsel submit the following:

1. The sentencing in this matter is currently scheduled for **July 7, 2006**.

2. On April 10, 2006, counsel for defendant received the draft Presentence Report ("PSR"). Objections to the PSR were submitted by defense counsel on May 1, 2006. On May 26, 2006, counsel received the final version of the PSR.

3. The PSR is highly unusual in this case in that it relies upon two categories of

alleged conduct to enhance **substantially** defendant's guideline range. The categories are: (1) conduct for which defendant was acquitted; and (2) conduct that was never presented at trial and accordingly never considered by the jury.[1] In many cases, the PSR does not specify the basis for its findings, other than reporting that the information was supplied to the probation office ex parte by the government. See, e.g., PSR p. 25 (noting factual assertions in PSR "provided to the probation officer by the Government," and facts "derived...through the investigation of the instant offense").

    4.    Under defense counsels' calculations, the difference in defendant's sentencing range between a guideline range that relies only upon conduct defendant was convicted of, on the one hand, and a guideline range that also relies upon acquitted conduct and conduct never presented to the jury, on the other, is extreme. Under a guidelines calculation that relies only upon conduct defendant was convicted of, defendant's range is **70-87 months**. (Defendant was also convicted of D.C. Code offenses for which he will be separately sentenced). Using acquitted conduct and conduct never presented to the jury, the PSR states defendant's guideline range as **Life**.

    5.    Accordingly, on May 31, 2006, defense counsel requested an alternative PSR

---

[1] The PSR does not contain citations to the trial transcript (or any other transcript) for any of its findings. Counsel for defendant ordered copies of all transcripts immediately after trial. Due to the Court Reporter's illness and the press of other matters, including another lengthy trial before Your Honor, those transcripts are not yet ready. Accordingly, the government and, in turn, the Probation Officer, are apparently relying on their notes and/or their recollection of testimony in seeking enhancements based on acquitted conduct. With respect to conduct not ever presented to the jury, defense counsel have not been informed about where that information comes from, except that it comes from unspecified information "provided to the probation officer by the Government," and "derived...through the investigation of the instant offense." PSR p. 25.

calculation that reflects only conduct Mr. Brice was actually convicted of.  <u>See</u> Ex. 1 (letter to Probation Office Kelly Kraemer-Soares).  Defense counsel submits that an alternative calculation will assist the Court and the parties in narrowing the sentencing issues in this case and will contribute to judicial efficiency in conducting defendant's sentencing.

6. The Probation Office, through Officer Michael Penders, has notified counsel that it will produce an alternative calculation if requested by the Court.

WHEREFORE, defendant respectfully requests that the Court enter the attached order requesting that the Probation Office produce an alternative PSR calculation that does not rely upon acquitted conduct or conduct that was never presented to the jury.

Respectfully submitted,

_____/s/_____
Shawn Moore
Jonathan S. Jeffress
Assistant Federal Public Defenders
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004

(202) 208-7500, ex. 134