**FEDERAL PUBLIC DEFENDER**
DISTRICT OF COLUMBIA
SUITE 550
625 INDIANA AVENUE, N.W.
WASHINGTON, D.C. 20004

**A. J. KRAMER**
*Federal Public Defender*

TELEPHONE (202) 208-7500
FAX (202) 208-7515

May 31, 2006

**BY FACSIMILE**

Ms. Kelly Kraemer-Soares
Mr. Michael Penders
United States Probation Officer
3rd and Constitution Avenue, N.W.
Washington, DC 20001

Re: **United States v. Jaron Brice,**
**Crim. Number 05-367 (RMC)**

Dear Ms. Kraemer-Soares and Mr. Penders:

Thank you for sending me the final version of the Presentence Report ("PSR"), dated May 26, 2006. As you are aware, the advisory guideline range contained in the PSR has been greatly enhanced based on your decision to incorporate conduct Mr. Brice was acquitted of after trial into the guidelines calculation. It appears from the final PSR that certain information relied upon to increase Mr. Brice's guideline range was also obtained from ex parte conversations with government counsel. See, e.g., PSR p. 25 (noting factual assertions in PSR "provided to the probation officer by the Government," and facts "derived...through the investigation of the instant offense").

As you are aware, there is nothing in the guidelines or the relevant caselaw that requires the Court to utilize acquitted conduct in making sentencing determinations (and certainly nothing that requires the Court to accept uncorroborated hearsay communicated to the Probation Officer ex parte by the government). Thus, in order to present the Court with a complete picture of the sentencing in this case, I am asking you to provide the parties and the Court with Mr. Brice's offense level calculation were the Court to **not** consider acquitted conduct. To assist you in this task, I have put together the calculations set forth below. The paragraph numbers used below correspond to the paragraph numbers in the final PSR.

**20. Counts 1 and 3 (Sex Trafficking of Children[1] and Transportation of a Minor for Prostitution)**

    21. Base Offense Level: U.S.S.G. § 2G1.3:    **24**

    22. Specific Offense Characteristic: Because the offense involved the commission of a sex act or a commercial sex act, 2 levels are added. U.S.S.G. § 2G1.3(b)(4)    **+2**

    28. Adjusted Offense Level:    **26**

**29. Count 4 (Transportation of a Minor for Prostitution)**

    30. Base Offense Level (Counts 1 and 3): U.S.S.G. § 2G1.3:    **24**

    31. Specific Offense Characteristic: Because the offense involved the commission of a sex act or a commercial sex act, 2 levels are added. U.S.S.G. § 2G1.3(b)(4)    **+2**

    37. Adjusted Offense Level:    **26**

**38. Count 5 (Transportation of a Person for Prostitution)**

    39. Base Offense Level (Counts 1 and 3): U.S.S.G. § 2G1.1:    **14**

    45. Adjusted Offense Level:    **14**

**46. Multiple Count Adjustment**

    52. Increase in Offense Level: U.S.S.G. § 3D1.4(a)    **1**

    56. Total Offense Level:    **27**

Given Mr. Brice's criminal history category of II (see PSR ¶ 65), his guideline range under the federal sentencing guidelines, exclusive of acquitted conduct, is **70-87 months.**

Please confirm that, were the Court to not consider acquitted conduct in this case, the above calculations for Mr. Brice's federal charges are correct (I recognize that this letter does not address Mr. Brice's convictions under the D.C. Code). In the alternative, if you disagree with my

---

[1] Notwithstanding our repeated objections, paragraph 20 of the PSR still describes Count One as alleging "sex trafficking of children by force fraud or coercion." PSR ¶ 20. The statute is "Sex trafficking of children **or** by force, fraud or coercion." 18 U.S.C. § 1591 (emphasis added). Mr. Brice was convicted of sex trafficking of a minor, but not by force, fraud or coercion. See Verdict Form. Please revise PSR ¶ 20 accordingly at this time.

2

calculations, please let me know what you disagree with and what other adjustments you would make consistent with the guidelines and exclusive of acquitted conduct.

The information requested in this letter will be useful to the parties and the Court, and I thank you in advance. I note that sentencing is currently scheduled for July 6, 2006, and sentencing memoranda will need to be submitted well in advance of that date.

Please feel free to call or email me to discuss any of the above.

Sincerely yours,

JONATHAN S. JEFFRESS
Counsel for Jaron Brice


cc:   Sharon Marcus-Kurn, AUSA