UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 05-0367 (RMC) |
| | : | |
| JARON BRICE, | : | Judge: Rosemary M. Collyer |
| | : | |
| Defendant. | : | Sentencing Date: July 6, 2006 |

**GOVERNMENT'S RESPONSE TO DEFENDANT JARON BRICE'S MOTION FOR ALTERNATIVE PRESENTENCE REPORT CALCULATION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby responds to defendant Jaron Brice's Motion for Alternative Presentence Report Calculation ("Def's Motion").

As was outlined in its "Memorandum in Aid of Sentencing," which was filed on June 16, 2006 ("Gov's Sentencing Memo"), the Government believes that the facts and relevant caselaw support the Presentence Report's sentencing calculations. The defendant claims that the Presentence Report ("PSR") relies on "conduct for which defendant was acquitted" and "conduct that was never presented at trial and accordingly never considered by the jury." Def's Motion at 2. Due to these alleged errors, the defendant requests that the Court order the United States Probation Office to produce an alternative presentence report calculation.

The Government objects to the defendant's sentencing calculations under the U.S. Sentencing Guidelines ("Guidelines") and, thus, objects to the defendant's current request. Because the PSR calculations are correct, the defendant's motion should be denied.

As to the defendant's first point regarding the use of "acquitted conduct," the Government does not dispute that the jury acquitted the defendant on Count Two (Indictment Count Four) charging him with sex trafficking of Shakita Proctor by force, fraud, and coercion in violation of 18 U.S.C. § 1591. However, the defendant was convicted of Count Five (Indictment Count Eight) charging him with transporting Ms. Proctor across state lines in violation of 18 U.S.C. § 2421. Evidence presented at trial that the defendant used emotional and physical abuse and threats to Shakita Proctor and others in Ms. Proctor's presence is not "acquitted conduct." This evidence was admissible not only to prove the Section 1591 count but also as direct evidence to prove the Section 2421 count. The evidence showed how the defendant was able to recruit, maintain, and control Ms. Proctor, get her to prostitute for him, and comply with his other rules including traveling between D.C. and Maryland for the purpose of prostitution.

Further, even if the evidence was admitted solely to prove the Section 1591 acquitted charge, as was discussed at great length in the Government's Sentencing Memorandum at 4-6, 8-9, the law is clear that the court is authorized to take acquitted conduct into account when determining the appropriate sentence so long as the evidence was demonstrated at trial by a preponderance of evidence. The defendant has not cited any binding authority to the contrary and there was ample evidence presented at trial to support the PSR's findings regarding the defendant's use of force. See Gov's Sentencing Memo at 9-13.

As to the defendant's second and final point, the defendant makes a sweeping assertion that the PSR relies on conduct that was "never presented at trial and accordingly never considered by the jury." Def's Motion at 2. However the defendant has not identified any substantive facts in the PSR that were not presented at trial.[1] He simply makes the allegation and leaves the Court to identify for itself which facts were not presented at trial. The PSR accurately summarizes the evidence presented at trial and its Guideline calculations are correct.

In actuality, the defendant does not contest the accuracy of the information in the PSR just the source from which it comes, i.e., government counsel. When writing a PSR, the Presentence Report writer is authorized to rely on any reliable source of information. It is standard practice for parties to submit to the PSR writer a written summary of the evidence presented at trial and other relevant evidence obtained in the course of the investigation. It is also completely appropriate for the PSR writer to rely on such factual representations. This practice is particularly useful in a case such as this in which the charges relied almost exclusively on testimonial evidence and government counsel merely summarizes the evidence it remembers was presented at trial. After the PSR writer issues its report containing the parties' factual representations, it is then up to the opposing party to make specific objections to the PSR's findings. The defendant has made no specific objection to

---

[1] The defendant identifies only three factual assertions in the PSR that he believes are inaccurate. It is the government's position that all three are minor points and do not affect the sentencing calculation. He states that he "does not recall K.H. adopting the street name 'Diamond' at his urging." PSR at 24. Based on the government counsel's recollection, K.H. testified that the defendant encouraged her to use a street name, she thought of the name "Diamond," and the defendant also liked the name. Second, the defendant states that there was "no testimony about a trip to Atlantic City." Id. Government counsel believes that K.H. testified that she and the defendant went to Atlantic City. Finally, the defendant states that "the sex toy was purchased by K.H. and Shakita Proctor." Id. This is consistent with government counsel's memory. However, the idea of purchasing and using a sex toy originated with the defendant.

the information in the PSR and the Court heard the evidence at trial and can make the determination that the facts adduced support the PSR calculation. The defendant's bald assertion that the facts were not presented at trial should be rejected and the defendant's motion should be denied.

## **CONCLUSION**

Wherefore, based upon the foregoing, the Government respectfully requests that the Court deny the defendant's request to order the Probation Office to produce an alternative PSR calculation.

Respectfully submitted,
KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar Number 451058

BY:

_____
SHARON MARCUS-KURN
Assistant United States Attorney
AZ Bar #10970
555 4TH Street, N. W.
Washington, D.C. 20530
(202) 353-9462


_____
MYESHA BRADEN
Trial Attorney
DC Bar No. 461485
Department of Justice
Criminal Division
1400 New York Avenue, NW
Suite 600
Washington, D.C. 20005