UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Crim. No. 05-367 (RMC) |
| JARON BRICE, ) | |
| Defendant. ) | |

**DEFENDANT JARON BRICE'S REPLY IN SUPPORT OF MOTION FOR
ALTERNATIVE PRESENTECE REPORT CALCULATION**

Mr. Jaron Brice, the defendant, through undersigned counsel, respectfully submit this Reply in support of his motion for an alternative presentence report calculation. Defendant is requesting a simple report from the probation office that the probation office has declared its willingness to issue, if ordered by the Court. The requested report will simplify defendant's sentencing and streamline the Court's consideration of the sentencing issues. Under these circumstances, and particularly in view of the precipitous increase in defendant's guideline range based on acquitted conduct and alleged conduct never presented to the jury, the Court should order the requested alternative PSR.

**DISCUSSION**

As discussed in defendant's Motion, defendant submits that the guideline enhancements the government seeks in this case drive defendant's guideline range from *70-87 months to life.* The question of whether the government has met its burden of establishing those enhancements by a preponderance of the evidence (should the Court conclude that preponderance is the

appropriate standard) will accordingly be a major issue at sentencing that will profoundly impact defendant's advisory guideline range.

The government's proposed methodology for sentencing is murky at best. It appears, however, that the government believes that the Court should find that the government has met its burden of proving the guideline enhancements by a preponderance of the evidence based on a combination of: (1) its recollection of the trial testimony, and/or (2) the PSR (which, the government states, incorporated an ex parte "written summary of the evidence presented at trial and *other relevant evidence obtained in the course of the investigation,"* see Gov. Opp. at 3), and/or (3) whatever the government proffers to the Court. The government cites *no authority* for the proposition that it can meet its burden of proving guideline enhancements via factual proffer to the probation office and/or the Court.

The government's Memorandum In Aid of Sentencing illustrates precisely the dangers of proceeding with sentencing in the manner advocated by the government. For example, the government requests that the Court find that defendant trafficked K.H. by force, fraud or coercion (the substantive offense named in Count Two, which the government *dismissed before trial*) based on the following:

> On one particular night when K.H. violated [defendant's] rules, the defendant beat K.H., stripped her naked of all her clothing, threatened her with a gun, and left her naked on the street. When K.H. was running away, she fell and injured her leg. She still has a scar from the fall.

Gov. Mem. at 10.

The government provides no citation to the trial transcript (or any other source) for the above rendition of the trial testimony. Moreover, the government fails to inform the Court that

the trial testimony does not connect the incident at issue with a violation of defendant's "rules," but rather with a dispute between defendant and K.H. based on the fact that defendant was paying more attention at the time to Shakita Proctor.  See Trial Tr. at 125.  This incident is simply not evidence of the use of force, fraud or coercion "to cause [K.H.] to engage in a commercial sex act."  Jury Instructions, p. 12 (substantive instruction for Sex Trafficking by Force, Fraud or Coercion) (emphasis added).  Furthermore, counsel has been unable to locate anywhere in the trial transcript where K.H. testified that she hurt her leg or that she has a scar on her leg from this incident.  There was no photograph admitted of the scar and K.H. did not display the scar at trial.

The above illustrates the problems inherent in the government's approach to this sentencing, which is to enhance **substantially** defendant's guideline range based solely on the government's "say-so."  If the government seeks to enhance defendant's sentence based on acquitted conduct and conduct never presented to the jury, it has two options:  (1) to identify accurately trial testimony that supports the government's view by a preponderance of the evidence (should the Court finds that to be the appropriate standard); or (2) in the case of testimony never presented to the jury (e.g., the scar on K.H.'s leg), to present **the actual evidence** to the Court at an evidentiary hearing, e.g., at sentencing.  It is impossible to see how an ex parte summary of the evidence **and the government's investigation** delivered to the probation office and then inserted into the PSR is an appropriate–or legally permissible–means of enhancing defendant's sentence.  This is particularly true when the enhancements at issue increase a defendant's guideline range from **70-87 months to life.**

Accordingly, defendant has made a simple request that the probation office identify defendant's guideline range based on convicted conduct only.  The probation office is amenable

3

to doing so if the Court orders it. The alternative PSR calculation will then allow the Court and the parties to focus on the areas of actual dispute regarding defendant's guideline range: whether the enhancements that are based on *alleged* conduct only are supported by a preponderance of the evidence (should the Court find that preponderance of the evidence is the appropriate standard), either through trial testimony or based on further evidence presented by the government at an evidentiary hearing.

## CONCLUSION

For the above-stated reasons, defendant respectfully requests that the Court order the probation office to prepare an alternative PSR calculation based on convicted conduct only.

Respectfully submitted,

_____/s/_____
Shawn Moore
Jonathan S. Jeffress
Assistant Federal Public Defenders
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004

(202) 208-7500, ex. 134