## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 05-367 (RMC) |
| | ) | |
| JARON BRICE | ) | **FILED** |
| | ) | |
| Defendant. | ) | SEP 2 5 2006 |
| | ) | |

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## SENTENCING MEMORANDUM

Jaron Brice was convicted by a jury of nine counts of sex trafficking of children, transportation of a minor for prostitution, first degree child sexual abuse, transportation of a person for prostitution, and pandering. He came before the Court for sentencing on September 15, 2006, at which time the Court imposed a sentence of 360 months (30 years) with 10 years supervised release. Inasmuch as this sentence was a variance from the Sentencing Guidelines under *U.S. v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), the Court prepares this Sentencing Memorandum to provide its reasons.

Count 1 of the Indictment charged Mr. Brice with a violation of 18 U.S.C. § 1591, sex trafficking of children or by force, fraud, or coercion, a Class A felony with a statutory maximum term of imprisonment of 40 years. The guideline for violations of 18 U.S.C. § 1591 is found in § 2G1.3 of the Guidelines Manual and sets an offense level of 24. However, pursuant to § 2G1.3(c)(3), if the offense involved conduct described in 18 U.S.C. § 2241, then § 2A3.1 will be applied and the offense level is 30. The statute at 18 U.S.C. § 2241(a) outlaws anyone who "knowingly causes another person to engage in a sexual act – (1) by using force against that other

person; or (2) by threatening or placing that other person in fear than any person will be subjected to death, serious bodily injury, or kidnapping . . . ." At the sentencing hearing, the Court made findings that the trial record clearly demonstrated the existence of facts that the offense involved conduct so described. Therefore, the Base Offense Level for Mr. Brice's sentence was 30.

Pursuant to the Guidelines Manual, because the offense involved conduct described in 18 U.S.C. § 2241, four levels are added. U.S.S.G. § 2A3.1(b)(2)(B). Because the victim had attained the age of 12 years but not the age of 16 years, two levels are added. U.S.S.G. § 2A3.1(b)(4)(B), § 1B1.1, comment. Thus, the Adjusted Offense Level for Count 1 (and the Greater Adjusted Offense Level on all Counts) came to 38. Counts 1, 3, 4 and 5 totaled 3 Units for a Combined Adjusted Offense Level of 41. *See* U.S.S.G. § 3D1.4(a) (multiple count adjustment). Finally, because the offense of conviction is a covered sex crime and the defendant engaged in a pattern of activity involving prohibited sexual conduct, pursuant to § 4B1.5(b)(1), five levels were added.

As a result, the Probation Office calculated Mr. Brice's Total Offense Level at 46.[1] With a criminal history Category II, the Guidelines Sentence was Life and the statutory maximum for Count 1 was 40 years.

The Government urged the Court to sentence Mr. Brice to Life, more than the 40 year statutory maximum for Count 1, by sentencing him sequentially on each Count. Disputing the use of force, Mr. Brice urged the Court to sentence him to a lesser sentence, between ten and twenty years. The victims each submitted a Victim Impact Statement, asking for a lengthy sentence.

---

[1] Counts 11-13, 15 and 17 were D.C. Code violations that did not affect the federal sentencing calculations.

The Probation Office properly calculated Mr. Brice's sentence by a correct application of the Guidelines. Nonetheless, the Court varied from a Guidelines sentence because it was troubled that there was "double counting" of the § 2241 conduct – once to go from a base offense level of 24 to 30, and again as a special factor raising the offense level to a 34. Without this "double count," a reduction of four levels would occur and a sentence of 360 months would result. While this is clearly a sentence that is a variance from the Guidelines, the Court considers it fully "reasonable" for the convicted offenses, especially with a lengthy term of ten years in supervised release.

_____
ROSEMARY M. COLLYER
United States District Judge

DATE: _____